WILLIAM H. STOW, Plaintiff in Error, *v.* JOHN YARWOOD *et al.,* Defendants in Error.

ERROR TO COOK.

Where a party received an engine for repairs and retained a portion of it, and before action was brought against him, had made an assignment in bankruptcy under the general bankrupt law and obtained his discharge; *held,* that he could recoup his claim for work done on the repairs.

All claims due to the bankrupt pass to his assignee, but pass to him subject to all equities and defenses of every description which existed against them in the hands of the bankrupt.

If at the time of the assignment mutual demands exist, arising out of a contract which by the ordinary rules of law might be set off, such right of set-off or recoupment would remain unaffected by the bankrupt's assignment. And the bankrupt, as well as the assignee, can avail himself of such set-off or recoupment.

THIS was an action commenced in the Cook County Circuit Court, MANNIERE, Judge, by Yarwood and others against Stow. The evidence in the case shows the following facts: In 1839, the plaintiffs below bought a steam engine of one Allen, which was at the time at Stow's foundry, and contracted with Stow to repair it.

Stow repaired the engine and a portion of it was delivered to plaintiffs below, but again taken away by Stow and part replevied back by plaintiffs, Stow always retaining portions of the engine in his own possession, which he converted to his own use.

Stow made an assignment in bankruptcy under the general bankrupt law; petition filed January 17th, 1843. In the schedule of his effects was the following item: "*John Yarwood & Co. Unsettled account,* $700. *From the above I claim the right to deduct certain portions of an engine now in my possession.*"

Final decree and order of discharge was made September 29th, 1843.

The introduction of the copy of the record of proceedings in Stow's bankruptcy was objected to on the ground that it was no

bar to the right of recoupment. The objection was overruled, and exception taken by defendant below. The defendant asked the court to instruct the jury, "That if the jury believe, from the evidence, that plaintiffs were indebted to defendant for repairs made to the steam engine property, the subject of this action and of evidence, at the time this action was commenced, they must allow the claim or the repairs to be *recouped* against plaintiff's claim for damages." Which instruction the court refused as asked for, but gave it, having qualified it by adding, " But if the jury shall find, that subsequent to the accruing of such account for repairs, the defendant took the benefit of the bankrupt law of the United States, and was decreed a bankrupt, then such claim was by that act transferred to the assignee in bankruptcy, and defendant cannot interpose such claim in this suit by way of recoupment or otherwise. After such decree, the plaintiffs became liable to the assignee for the value of the repairs."

Exception taken by defendant to this refusal and qualification. Verdict of the jury for plaintiffs, $800.

The defendant below brings the case to this court by writ of error.

A. W. WINDETT, for Plaintiff in Error.

HOYNE & MILLER, for Defendants in Error.

CATON, C. J. This case has been here before, and is reported in 14 Ill. R. 424. The facts are substantially now as there stated, except that it now appears, that after the cause for which this action was brought, and the claim which we then decided might be set up in recoupment of the damages, had accrued, Stow, who offers to recoup his claim for work done on the engine, in reduction of the damages to which Yarwood is entitled for the conversion, has made an assignment in bankruptcy, under the general bankrupt law, and obtained his discharge. This, the court below held, transferred Stow's claim for repairs to his assignee in bankruptcy, to whom alone Yarwood is bound to make satisfaction for those repairs, and that it cannot now be used in reduction of the plaintiff's damages. In this we think the court erred. It is true, that everything that was due to Stow, from Yarwood and all others, passed to his assignee; but they passed to him subject to all equities and defenses of every description which existed against them in the hands of Stow. This is a principle recognized everywhere. What, then, was the legal and equitable position of this claim which is now offered in recoupment, at the time the legal title

to it passed to the assignee? It was, in equity, paid and satisfied, or at least liable to be extinguished by reason of the claim for damages which Yarwood then had against Stow, for the conversion of the engine for the repairs of which the claim originated. Had the assignee sued Yarwood for these repairs, the latter could have set up the damages which had accrued to him by reason of the conversion of the engine by Stow, and this right of recoupment must be reciprocal. If this right of set-off or recoupment existed in one, it necessarily existed in the other. And as the assignee in bankruptcy is but a volunteer, it is in no respect changed by the assignment. It would hardly be denied, that if, at the time of the assignment, mutual demands had existed, arising out of contract, which by the ordinary rules of law might be set off, one against the other, such right of set-off would remain unaffected by the bankrupt's assignment. It is none the less so in this case. The recoupment is allowed on the principle of an equitable set-off. It is an equitable right recognized by and enforced in a court of law. And, as before remarked, all equities remain unaffected by the assignment.

We think the court should have allowed the recoupment, notwithstanding the assignment in bankruptcy.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*