## DANIEL O'HARA

*v.*

## JUDSON· M. W. JONES.

1.  LANDLORD AND TENANT—*distress for rent—liens.*  Under our law, the landlord has the lien and a right to distrain in all cases where the rent is certain, whether the right to distrain is reserved or not in the lease.

2.  This statutory lien in favor of the landlord is superior to other junior liens, and may be enforced against all but prior liens and *bona fide* purchasers, without notice.

3.  If the goods of a tenant are seized under execution or attachment, the landlord's lien for rent is superior, and will hold the property.

4.  SAME—*assignment—rights of assignee.*  The rule of law is well settled, that an assignee, to whom property is transferred for the payment of the assignor's debts, takes it as a volunteer, and subject to all liens to which it is then liable. ·

4. If liens exist upon the property when the assignment is made, they must be first discharged in the order of their priority, and the remainder, thus freed from the liens, must then be applied according to the trust as disclosed in the deed of assignment.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The facts are stated in the opinion.

Messrs. MOORE & CAULFIELD, for the appellant.

Mr. J. V. LE MOYNE, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of replevin, brought by appellant, in the Cook Circuit Court, against appellee, for the recovery of a quantity of goods, wares and merchandise. There were two counts in the declaration; one for the unlawful taking and detention, and the other for the unlawful detention of the goods. The pleas of *non cepit* and *non detinet*, and two special pleas, were filed. A jury being waived, by consent of the parties, the case was heard by the court, who found the issues for appellee. Appellant entered a motion for a new trial, which was overruled by the court, and a judgment was rendered in favor of appellee.

It appears from the bill of exceptions that the trial was had on these agreed facts:

"The property replevied was part of a stock of boots and shoes, which had been taken by defendant, under a distress warrant, for rent due from one James H. Lynch. Said Lynch rented from defendant a store in Chicago, known as 122 Lake street, by written lease, dated July 20, A. D. 1866, for the term beginning July 20, A. D. 1866, and ending May 1st, A. D. 1867, at the rental of $5,000 per year, payable in monthly

payments of $416.66⅔, each payable on the first day of each month. That said lease contained a covenant or agreement, as follows: 'Meaning and intending hereby to give the said party of the first part, his heirs and executors, administrators or assigns, a valid and just lien upon any and all of the goods, chattels, and other property belonging to the said party of the second part, as security for the payment of the said rent, in manner aforesaid, anything hereinbefore contained to the contrary notwithstanding.' That said lease was not recorded. That on the first day of March, A. D. 1867, there was due to defendant on said lease, four month's rent, ($1,666.67.)

The defendant levied a distress warrant on the 4th day of April, A. D. 1867.

"That on the 9th day of March, A. D. 1867, said James H. Lynch made a general assignment to plaintiff, for the benefit of his creditors, of all his property, real and personal, 'assigning all and singular the debts, sums of money and choses in action, and all the personal estate of every kind belonging to him, or in which he may have any interest.'

"That said plaintiff took possession of the property, and took charge of the store leased as aforesaid, and continued there to sell the goods so assigned up to the time of the distress."

"That the plaintiff paid to the defendant the amount due by the lease for the time since the assignment to the end of the term. The stock of boots and shoes was purchased by Lynch and put into the store after the making of the lease."

It is urged in favor of a reversal, that inasmuch as the statute has conferred the landlord's lien on the tenant's property, any lien reserved by the lease variant from that given by law, waives the statutory lien, and leaves the landlord without the remedy by distress. In this case the lease declared the landlord should have a lien on all of the tenant's property, which is claimed to be a lien in the nature of a

mortgage or other contract. And being such, if the landlord had a remedy, it was by legal proceedings instituted in a court, and the remedy by distress was gone. The right of distress is incident to some kinds of rent, and in others it was the subject of contract, where the right was reserved in the lease creating the estate.

Under our law, the landlord has the lien and a right to distrain in all cases where the rent is certain, whether the right to distrain is reserved or not, in the lease. *Penney* v. *Little*, 3 Scam., 306. And this statutory lien in favor of the landlord, is superior to other junior liens, and may be enforced against all but prior liens and *bona fide* purchasers, without notice. And if the goods of a tenant are seized under execution or attachment, the landlord's lien for his rent is superior, and will hold the property.

Did appellee in this case, by reserving in the lease a lien on all of appellant's property, waive his statutory lien, and the right to distrain for rent in arrear? It might be, and no doubt would be, a waiver or release of the lien and power to distrain, if a security of a higher nature than the landlord's lien were taken to secure the rent; but by taking a security of no higher nature, does not produce that result. Taylor on Landlord and Tenant, § 365. At common law, the right of distress is not extinguished by an unsatisfied judgment for rent. Ibid. and authorities cited. And it is, no doubt, for the reason, that a judgment may be an equal but no higher security than the landlord's lien and power to distrain. The landlord's lien is like the lien of an execution on the personal property of the tenant, but the judgment is a lien on real estate, which renders the judgment lien more extensive than the landlord's lien. He has the power, when the rent falls due, to issue his execution to his bailiff for the collection of his rent, by levy and sale of the tenant's personal property. Under an unsatisfied judgment for the rent, he could do the

same, by suing out execution, which would complete the lien on both real and personal property of the tenant.

The lien of the judgment is more extensive than that held before the debt, for the rent was reduced to a judgment; and yet we have seen that it does not destroy the right to distrain for the same debt. Now why, then, should the reservation of a lien on property, not subject to the statutory lien, produce such a result? It, like the judgment, is a more extensive, but not a higher, lien. The reservation of the lien, in this case, falls clearly within the principle of the rule, and must be governed by it.

The landlord's lien is of common law growth, and does not depend upon statutory enactment for its creation. Statutes have been, at various times, enacted to regulate the exercise of the right, but they are rather in aid of, than repugnant to, the common law. Had the statute been in restraint of common law rights, then the courts would be called upon to give a more rigid and confined construction to its provisions, than when the enactments are in aid of common law remedies. But the landlord's lien and power to distrain is coeval with the earliest history of the common law, and has maintained its energy to the present time. We can perceive no reason for holding, even if it appeared that the tenant in this case had other property upon which appellee's lien as a landlord did not attach, and which was subject to the lien created by the lease, that it destroyed the landlord's lien.

The question then arises, whether the assignee of the tenant can hold the goods free from this lien. The rule of law is well settled, that an assignee, to whom property is transferred for the payment of the assignor's debts, takes it as a volunteer, and subject to all liens to which it is then liable. He pays nothing for it, but receives it on a naked trust, uncoupled with an interest, and simply holds it to be applied on the trusts to which the property has been appropriated. If liens exist upon the property when the assignment is made, they

must be first discharged in the order of their priority, and the remainder thus freed from the liens, must then be applied according to the trusts, as declared in the deed of assignment. Such a trustee is not a *bona fide* purchaser. *Willis* v. *Henderson*, 4 Scam., 13; *Stow* v. *Yarwood*, 20 Ill., 497; *Goodwin* v. *Mix*, 38 Ill., 115. Not being such, he takes the property and holds it subject to the burthens it was under in the hands of the assignor.

This rule works no injustice to the assignee or to the creditors. They are deprived of no right, and lose no benefit. They obtain the entire fund, or its proceeds, to which they had a right to look for payment, while it was in the hands of the assignor. The landlord obtains no new advantage, but simply retains his prior lien, with a right to enforce it to the same extent that it previously existed. In this no wrong or injustice is perceived. Why should the mere transfer of the stock of goods to a trustee, to be converted into money and paid to the creditors of the assignor, operate to extinguish a lien perfectly valid and binding between the landlord and the assignor, and fair and just, so far as we can see? If any reason exists, it is not perceived. In this record no error is found to exist, and the judgment of the court below is affirmed.

*Judgment affirmed.*