## HENRY T. EAMES ET AL.
## V.
## JOHN B. MAYO, Assignee, etc.

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—ESTATE OF ASSIGNEE.—
An assignee to whom property is assigned for the benefit of creditors, takes
it subject to all liens to which it is liable. He receives it on a naked trust,
uncoupled with an interest.

2. LANDLORD'S LIEN—DISTRAINT.—Where by the terms of the lease the
landlord had a first lien upon the property of the tenant, as security for pay-
ment of the rent, an assignee of such tenant to pay debts, takes the property
subject to the lien of the landlord, and it makes no difference whether the
assignment took place before or after a distraint upon the property by the
landlord; his right to the property under his lien is not affected by the as-
signment.

APPEAL from the County Court of Cook county; the Hon.
MASON B. LOOMIS, Judge, presiding. Opinion filed May 25,
1880.

May 1, 1878, Eames demised to Gustorf & Company certain
premises situated in Chicago, with engines, boilers, etc., from
that date to April 1, 1879, for the rent of $1300, payable in
monthly payments of $108.33 on the first day of each month.
Gustorf & Co. entered into occupation under the lease, which
gave Eames, in express terms a first and valid lien upon all the
goods and chattels of lessees as security for the rent, and the
right to distrain for rent accruing and unpaid. January 20,
1879, two months rent being due and unpaid, Eames issued his
distress warrant in due form to Ditto, a constable, who, on the
next morning, between 9 and 10 o'clock, levied the same upon
the goods and chattels in question then being on the demised
premises and in possession of Gustorf & Co., and put a custo-
dian in possession. On the same morning Gustorf & Co.
made a voluntary assignment of their property (including that
in question) to Mayo, under the statute, and filed the same for
record in the recorder's office of Cook county, also with the
clerk of the county court; and after the levy of the distress

warrant, Mayo, the assignee, came to the demised premises and assumed possession of the goods in question, and afterwards forcibly excluded the custodian under the distress proceedings, and, making a demand for .the possession, Mayo brought replevin in the *cepit* against Eames and Ditto, for the goods in question, taking them under the writ. The defendant pleaded *non-cepit;* property in defendant Eames, and avowed under distress for rent. Plaintiff, to plea of property, replied property in himself; to the avowry, pleaded no rent in arrear. Upon the trial plaintiff proved the assignment by Gustorf & Co. to him January 21, 1879, and the recording of the deed, also the taking possession of the goods in question; but it was shown for the defense, the making of the lease, occupation thereunder, two months rent in arrear, the issuing of the distress warrant by Eames January 20, and delivering it to the constable on that day; the levying thereof on the morning of the 21st, before Mayo came to take possession. The court instructed the jury in substance on behalf of plaintiff, that if the assignment of Gustorf & Company to Mayo was in fact made and the deed accepted and recorded before the levy under the distress warrant, and Eames distrained and took possession of the goods after the making, acceptance and recording of the deed of assignment, the plaintiff was entitled to recover. The jury found the issues for the plaintiff, and property in plaintiff. The court, overruling defendant's motion for a new trial, gave judgment on the verdict, and the defendants bring the case here by appeal.

Mr. CHARLES H. FERRY, for appellants; that under an assignment for the benefit of creditors, there must be a change in possession of the property, cited Burrill on Assignments, 361; Thornton v. Davenport, 1 Scam. 296; Thompson v. Yeck, 21 Ill. 73; William v. Rozier, Ill. Syn. Rep.

The assignee takes subject to all liens existing against the property: Burrill on Assignments, 598; Hadden v. Knickerbocker, 70 Ill. 677; O'Hara v. Jones, 46 Ill. 288; Mellen's App. 33 Pa. St. 121; McCagg v. Woodman, 28 Ill. 84; Talcott v. Dudley, 4 Scam. 428; Gibbon v. Warden, 14 Wall. 244; *In re*

Griffith, 1 Lowell, 431; Windsor v. McLellan, 2 Story, 493; Potter v. Coggeshall, 6 N. B. R. 10.

Placing a custodian in charge was a sufficient levy of the distress warrant, the property being heavy articles difficult to move: Freeman on Executions, 422; Drake on Attachments, 323; Hemenway v. Wheeler, 14 Peck, 408; Bond v. Willet, 1 Abbott, 165.

The landlord had a valid lien by virtue of the provision in the lease: O'Hara v. Jones, 46 Ill. 288; Hadden v. Knickerbocker, 70 Ill. 677; McClean v. Klein, 3 Dillon, 113; Mead v. Thompson, 78 Ill. 62; Prettyman v. Unland, 77 Ill. 206; Hunter v. Whitfield, 89 Ill. 232; McCaffrey v. Woodin, 65 N. Y. 459; Wisner v. Ocumpagh, 71 N. Y. 113; Greenebaum v. Wheeler, 90 Ill. 298; Griffin v. Wertz, 2 Bradwell, 487; Groton Mfg. Co. v. Gardiner, 11 R. I. 626.

Mr. HENRY M. BACON, for appellee; that the clause in the lease as to a lien, conveys no estate in the property, cited McLean v. Klein, 3 Dillon, 114; Holmes v. Hall, 8 Mich. 66; Dalton v. Landahn, 27 Mich. 529; Brownell v. Hawkins, 4 Barb. 491; Milliman v. Neher, 20 Barb. 37.

The provision in the lease would be invalid as to after acquired property: Hunt v. Bullock, 23 Ill. 325; Titus v. Mabee, 25 Ill. 257; Cook v. Corthill, 11 R. I. 482.

The interest conveyed by the lease was purely equitable: Butt v. Ellett, 19 Wall. 544; Smithurst v. Edwards, 13 N. Y. Eq. 408.

Plaintiff having shown a legal title, it will prevail over any equitable title set up by defendant's plea: Wells on Replevin, § 105; Reese v. Harris, 27 Ala. 306; Heyland v. Badger, 35 Cal. 404.

The title to the property rests in the assignee upon the execution and recording of the deed of assignment: Rev. Stat. 1874, Chap. 10a, §§ 1, 3; Burrill on Assignments, § 276; Henderson v. Downing, 24 Miss. 114; Mitchell v. Witlock, 2 Watts & Serg. 253; Fitler v. Maitland, 5 Watts & Serg. 307; Dallam v. Fitler, 6 Watts & Serg. 323; Klapps v. Shirk, 13 Pa. St. 589.

Eames v. Mayo.

As to what constitutes a proper levy: Minor v. Herriford, 25 Ill. 344; Davidson v. Waldron, 31 Ill. 120; Taylor's Land. and Ten. § 582.

A levy cannot be made after deed filed: Wilson v. Pearson, 20 Ill. 81; Myers v. Kinzie, 26 Ill. 36; Kimball v. Mulhern, 15 Ill. 205.

McALLISTER, J.   If the fact were material in the decision of this case, we should say that the clear preponderance of the evidence is to the effect that the distress warrant issued by Eames, the landlord, for rent in arrear from his tenants, Gustorf & Co., was levied before any possession was attempted to be taken of the goods and chattels in question by Mayo, the assignee of Gustorf & Co., under the voluntary assignment made on the same day by the latter to him.   In Dod v. Monger, 6 Mod. 215, it was declared as law by Lord Holt, that if a landlord come into a house and seize upon some goods as a distress in the name of all the goods in the house, that will be a good seizure of all.   Taylor says: " When a landlord makes a distress, he may seize upon any article in the name of all the goods in the house; and a declaration by him that nothing should be removed until his rent was paid, has been held sufficient to authorize him to follow an article which has been removed."   Taylor on Landlord and Ten. Sec. 578.   Here the articles were nearly all ponderous.   Each one was looked at and listed, and the seizure of all was openly declared.   This was all that reasonably could have been done, under the circumstances, and we are of opinion it constitutes a sufficient seizure by the landlord as for a distress.

But the evidence fails to show by a clear preponderance that this seizure was before the deed of assignment from Gustorf & Co. to Mayo, for the benefit of the creditors of the former, was filed for record; and the court below directed the jury that if it was not made before the deed of assignment was filed for record, then such seizure was inoperative as against the rights of Mayo, under the assignment.   This proposition is clearly embodied in the instructions given by the court to the jury on behalf of Mayo, the plaintiff below, and by the argument in his

behalf here. It seems to be based upon a supposed effect of the statute approved May 22, 1877, concerning voluntary assignments.

Although the first section of that act requires all such assignments to be duly acknowledged and recorded in the county where the person or persons making the same reside, or where the business in respect of which the same is made has been carried on, yet the most careful scrutiny of all its provisions will fail to discover any declaration contained in the act as to the effect of recording such deed, or anything from which an intent may be inferred that the assignee should be regarded as a *bona fide* purchaser for value, or otherwise than as a trustee—a mere volunteer, taking the property subject to all liens to which it was liable when the assignment was made. That there was no intention to change the character or position of such assignee from what the Supreme Court had declared it to be before that act was passed, is manifest from the provisions of the eleventh section, which expressly declare that his power of disposition of the property of the trust estate shall be only such as the assignor possessed at the time the assignment was made, except as to real estate, public notice being required as to that.

In O'Hara v. Jones, 46 Ill. 288, which was a case where the landlord distrained after a voluntary assignment had been made by the tenant, and the assignee was in possession on the demised premises, the court, after announcing the rule that at common law the landlord had a lien on the goods of his tenant on the demised premises, said: " The rule of law is well settled that an assignee, to whom property is transferred for the payment of the assignor's debts, takes it as a volunteer, subject to all liens to which it is then liable. He pays nothing for it, but receives it on a naked trust, uncoupled with an interest, and simply holds it to be applied on the trusts to which the property has been appropriated. If liens exist upon the property when the assignment is made, they must be first discharged in the order of their priority, and the remainder, thus freed from the liens, must then be applied according to the trusts, as declared in the deed of assignment. Such a trustee is not a *bona fide* purchaser."

Eames v. Mayo.

This case recognizes the doctrine that by the common law the landlord has a lien on the tenant's goods and chattels while they remain on the demised premises, which is re-affirmed in Hadden v. Knickerbocker, 70 Ill. 677, but its correctness has been questioned.

In Williams v. Leper, 3 Burrows, 1886, Taylor, a tenant to the plaintiff, being in arrears £45 for rent, and insolvent, conveyed all his effects for the benefit of his creditors. The assignees employed Leper, the defendant, as a broker, to sell the effects, and he accordingly advertised them for sale. On the morning of the sale, Williams, the landlord, came to distrain the goods in the house. Leper, having notice of such intention, promised to pay said arrears of rent if Williams would desist from distraining, and he thereupon did desist. Leper refusing to pay, suit was brought on the promise. At the trial there was a verdict for plaintiff, and on motion to set it aside, it was urged that the promise was void for not being made in writing. Lord Mansfield said: "The landlord had a legal pledge. He enters to distrain; he has the pledge in his custody. The defendant agrees that the goods shall be sold, and the plaintiff paid in the first place. The goods are the fund. The question is not between Taylor and the plaintiff. The plaintiff had a *lien* upon the goods. Leper was a trustee for all the creditors, and was obliged to pay the landlord, who had the prior lien."

In *Ex parte* Grove, 1 Atk. 104, Lord Hardwicke clearly recognizes a landlord's claim for rent as a legal lien, and in *Ex parte* Plummer Ib. 103, he held that, after a commission of bankruptcy was taken out, and the messenger in possession, the landlord might distrain for his whole rent, not only after assignment, but even after a sale by the assignees, if the goods are not removed from but remain upon the demised premises. So, also, is the landlord's lien for rent in arrear, while the goods remain on the demised premises recognized and affirmed by Buller, J., in Buckley v. Taylor, 2 T. R. 600. It is not very probable that all these three eminent judges of the English bench were mistaken as to a common law question so frequently before the courts of that country. And Taylor, a modern au-

thor of rare accuracy, speaking upon this subject, says: "Rent is a lien upon the tenant's goods, so long as they remain on the demised premises; and at common law the right was gone the moment they were removed, for the landlord had parted with his lien; possession, or what is equivalent to possession, being necessary to the existence of a lien." Taylor's Land. and T. Sec. 577.

The goods remaining on the premises, to which the landlord has a right of entry when rent is in arrear, is equivalent to a pledge in possession, and that is what Lord Mansfield meant in giving judgment in Williams v. Leper, *supra.*

The term of Gustorf & Co. not having expired, rent being in arrear, and the goods remaining on the demised premises, Eames had a lien upon and right to distrain them, although the voluntary assignment by the tenants to Mayo had been executed, accepted and recorded before the seizure on the distress warrant, on the ground that there was a common law lien—a legal lien, as Lord Hardwicke called it, in favor of the landlord, and Mayo's rights under the assignment being only those of a volunteer, they were subordinate to such legal lien of the landlord. Aside from that, the lien created by an express covenant in the lease between Eames and Gustorf & Co., was valid in equity as between Eames and such volunteer. Legard v. Hodges, 1 Vesey, Jr. 478; Kellum v. City of St. Louis, Sup. Ct. United States, Oct. T. 1879, unreported. According to these authorities, the personal property on the demised premises would, by virtue of the provisions in the lease giving the lessor a first valid lien as security for the rent, be regarded as a trust estate in the hands of Mayo as respects the rent in arrear.

The instructions of the court were erroneous, upon the ground that Eames had the legal right to distrain, the goods being on the demised premises, regardless of the question whether the the deed of assignment was first recorded. The judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.