The judgment is affirmed.

12 351<br>138s 239

MEIGS R. MYER, assignee, etc.,

v.

FALES' SONS & CO.

·1. TIME WHEN ASSIGNMENT TAKES EFFECT.—As to a debtor and his creditors an assignment takes effect at the time of the delivery to the assignee of the deed of assignment and the property, and no lien attaches against such property because of an execution issued after that time, but before the recording of the deed by the assignee.

2. DUTY OF ASSIGNEE.—After the estate or title to the property has vested in the assignee by the delivery to him of the deed and property by the insolvent debtor, it is the duty of the assignee to have the deed recorded. If the assignee is guilty of misconduct, bad faith or tardy in the performance of his duty, it can not be said that the rights of the insolvent debtor or other creditors should be thereby changed or prejudiced.

3. CONSTRUCTION OF STATUTE.—The provision of the statute is "Every assignment shall be duly acknowledged and recorded in the county," etc. If the legislature had intended that the assignment should not take effect until the deed thereof had been recorded, it would doubtless have so enacted. The fair construction is that filing the paper for record is not to give notice of the assignment any more than it is to give the court jurisdiction of the subject-matter. This is the more so because possession of personal property is evidence of ownership and notice to the whole world.

APPEAL from the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed April 13, 1883.

Messrs. CASEY & DWIGHT, for appellant; as to voluntary assignments, cited R. S. 1877, p. 144; Fryendall v. Baldwin, 103 Ill. 325.

When a right is given, a reasonable time should be allowed for the exercise of such right: Arnold v. Stock, 81 Ill. 407.

The assignee is the trustee of the firm and not the appointee of the court: McCracken v. Milhous, 7 Bradwell, 169.

Messrs. W. & E. L. STOKER, for appellees; cited R. S. 1874, Chap. 79, § 87; Riggs v. Savage, 2 Gilm. 400; Smith v. Lind, 29 Ill. 24.

The assignee acquired no legal right to the possession of the property assigned until he had accepted the trust and given the bond required: R. S. 1877, Chap. 72, §§ 37, 39; De Camp v. Marshall, 2 Abb. Pr. (N. S.) 373.

The filing for record is as much an essential element of the completion of the assignment as the acknowledgment: LaSalle v. Blanchard, 1 Bradwell, 635; Perteet v. The People, 65 Ill. 239.

Statutes should be read and understood according to the natural and most obvious import of the language: City of Beardstown v. City of Virginia, 76 Ill. 34.

CASEY, J. The facts in this case as agreed to on the trial of the cause in the circuit court are substantially as follows:

On the 25th of November, 1881, appellees obtained a judgment before a justice of the peace against William Lee & Sons for $177.85. On the 14th day of December, 1881, the said William Lee & Sons being in failing circumstances made a voluntary assignment of their stock in trade to appellant.

The assignment was duly signed, acknowledged and then and there delivered to appellant; that appellant at the hour of eleven o'clock A. M. of the 16th day of December, 1881, filed the said assignment for record in the office of the county clerk of Marion county. The assignors and assignee resided in that county, and the property was situated in that county. On the said 16th day of December, and before the assignment was filed for record, appellees procured an execution to

Myer v. Fales' Sons & Co.

be issued on their judgment against William Lee & Sons, and placed the same in the hands of a constable who went to the place of business of the said Lees and found it locked up. The constable then learned of the assignment. On the next day the constable demanded of appellant enough of said goods to satisfy said execution. Appellant claimed the goods as assignee, and refused to comply with the demand.

Appellees filed their petition in the county court asking that appellant be compelled to recognize their claim as a prior lien and that he might be directed, first to pay the amount due on their judgment and costs out of the proceeds of the sale of the said stock in trade assigned to him as aforesaid. Upon the trial of the cause in the circuit court the judgment was for the petitioners. The assignee brings the case to this court by an appeal.

There is no question raised as to the regularity, validity or good faith of the assignment. The only question for the consideration of this court is, Was the execution in favor of appellees a prior lien? The cause was tried upon the state of facts as alleged in the petition. The execution was issued the day after the deed of assignment was made, acknowledged and delivered to appellant.

It seems to be admitted by the counsel for appellees that appellant took possession and control of the goods assigned at the time of the delivery to him of the deed of assignment. At least such fact may very fairly be inferred from the averments contained in the petition, and from the fact that possession of the goods by appellant the day before the execution was issued is not denied in the petition.

It is insisted by appellees that the title to the property did not pass to the assignee until the assignment was filed for record in the office of the clerk of the county court.

The statute does not so read, and we do not think, having in view the object and intention of the law, that a fair construction of it will authorize such a conclusion. The provision of the statute referred to is: "Every assignment shall be duly acknowledged and recorded in the county where the person

or persons making the same reside," etc. R. S. 1877, Sec. 1, p. 117.

The law gives to the county court entire jurisdiction and charge of the estates of insolvent persons. Recording the assignment in the office of the clerk of that court, is the beginning of the proceedings by the assignee for the settlement of the estate.

When the insolvent debtor makes and acknowledges the deed of assignment, and delivers it with the property to the assignee, what more can he do or is he required to do? He does not retain the deed of assignment in his possession; he has no control over it, and he could not have it recorded. That duty devolves upon the assignee. If he is guilty of misconduct, bad faith or tardy in the performance of his duty, it could not be said that the rights of the insolvent debtor or other creditors are thereby changed or prejudiced.

The words to be recorded are not accompanied by any language indicating that the title to the property assigned is to be made dependent upon the performance of that duty. It is a matter to be done by the assignee after the estate, or title to the property, has vested in him.

The law provides that the assignment may be made. The object is that the goods and chattels of a debtor in failing circumstances, might be fairly distributed among his creditors. It is just, both to the debtor on one side, and the creditors on the other. Now, if it is true as insisted, that the deed of assignment must be recorded before the title to the property vests in the assignee, then it is not at all difficult to see how the whole object of the law may be defeated, and great wrong and injury done to the debtor, as well as creditors, by the tardiness or misconduct of the assignee, or by any unforeseen accident that might delay the filing of the paper for record. It is very fair to presume that the legislature intended only what was said. If it had intended that the assignment should not take effect until the deed thereof had been recorded, doubtless it would have been so enacted. The fairer view and construction is that filing the paper for record is not to give notice of the assignment, any more than it is to give the court jurisdic-

tion of the subject-matter. This is the more so because possession of personal property is evidence of ownership and notice to all the world.

This is not a forced or strained construction of the statute, but one that naturally follows when we consider the object of the law, the power and duty of the debtor and the power and duty of the assignee.

The debtor intends, as in this case, to make a fair distribution of his property among his creditors. The law authorizes him to do so. He in good faith does all that the law requires him to do. He makes the assignment and delivers it with the property assigned to the assignee. The next day after such delivery is made an execution is issued against him, the property taken from the assignee, and the object and intent of the law defeated. The law does not specify any particular time when the assignment shall take effect. We do not hesitate to hol l that as to the debtor and his creditors it takes effect at the time of the delivery of the deed of assignment and the property.

Therefore, for the purposes of the petition in this case, we think that the execution of the deed of assignment and the delivery of the property to the assignee vested the title of the property in him, and that no lien attached against the property because of an execution issued after that time. In these views we are sustained by Hall v. Whisten, 5 Allen, 128; Peterken v. Davis, Morris (Iowa), 391; Forbes v. Scannell, 13 Cal. 242.

In the latter case it is said, after the assignee takes possession of the property, the title and trust become fixed and executed, and the assignment is not revocable.

For the foregoing reasons the judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.