William Dodge

v.

John C. Yates.

*Clause 9, Attachment Act, Sec. 1—Construction of Proviso—Recital in Receipt, a Sufficient Writing—Fraud.*

1. The substance only of the statements constituting the fraud is required to be reduced to writing, to comply with the proviso contained in the 9th clause of Sec. 1 of the Attachment Act.

2. In the case presented, it is held that a receipt given to the "former guardian" of certain wards, and signed by the defendant as "succeeding guardian," is sufficient within said proviso to charge the defendant who falsely represented that he had duly qualified as such guardian.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of Peoria County; the Hon. T. M. SHAW, Judge, presiding.

Messrs. PUTERBAUGH & PUTERBAUGH, for appellant.

Messrs. STEVENS, LEE & HORTON, for appellee.

LACEY, J.    This was a suit in attachment commenced by appellant against appellee, to recover the sum of $1,923.84, wrongfully paid over by the appellant to appellee, under the following circumstances.    On and prior to July 22, 1885, appellant was guardian of Jennie and Ida Watrous.    On that day he made a report to the Peoria County Court as such guardian, showing that he had in his hands the sum of $1,941.41, belonging to his wards; that at the same time he tendered his resignation as such guardian and it was accepted, and John C. Yates, appellee, was appointed as his successor; that he then stated to appellee that as soon as his appointment was completed he would pay the amount due his said wards over to him.    Afterward, on the 7th day of August, 1885, the appellee came to

appellant's office and told him that he, appellee, had filed his bond in the County Court and qualified as such guardian, and exhibited to the appellant a written order signed by the County Judge accepting the appellant's resignation and appointing the appellee as his successor, and the said appellee at the same time handed a receipt to him signed by himself as succeeding guardian, and relying on the truth of the statements of the appellee and the order and the receipt so handed him, he paid over to said appellee the said amount of money. The order of the County Judge and the receipt of appellee were introduced in evidence and are as follows:

"COUNTY COURT, PEORIA CO., ILL. }
"July Term, 1885.        }

"In the matter of the guardian of Jennie Watrous et al.

"This day this cause coming to be heard on the resignation of W. M. Dodge, guardian of Jennie and Ida Watrous, and the court having heard the evidence in the premises, doth order and adjudge and decree that the resignation of W. M. Dodge be and the same is hereby accepted, and that John C. Yates be appointed guardian of said wards and that W. M. Dodge we discharge as such guardian.

"LAWRENCE W. JAMES, Judge."

The receipt is as follows:

"PEORIA, August 7, 1885.

" Received of Wm. M. Dodge, former guardian of Jennie and Ida Watrous, the sum of nineteen hundred and forty-one, 41-100 dollars ($1,941.41) in full of amount due said wards as per report filed in County Court, Peoria Co., Ill., Aug. 7, 1885.

"JOHN C. YATES,

" Succeeding guardian."

Appellant swears he would not have paid over said money if it had not been for the false representations made by appellee.

Appellee never filed any guardian's bond or qualified as guardian for the said minors and no letters of guardianship were ever issued to him.

Soon after the commencement of this suit appellee absconded and fled to Canada.

The suit was commenced Nov. 6, 1885, and the affidavit charges as grounds for attachment, "that said Yates obtained the said amount from the plaintiff by falsely and fraudulently representing that he, the said Yates, was the legally appointed guardian of Jennie and Ida Watrous, minor heirs of Samuel Watrous, deceased, and thereby induced the plaintiff to pay over to him the said sum of $1,900 belonging to said wards; that the said false and fraudulent representations were made in writing, signed by the said John C. Yates. Upon the affidavit appellee joined issue. The parties waived a jury and the cause was tried by the court, and upon hearing the court found the main issues in favor of appellant and rendered judgment in his favor for $1,923.84, but on the attachment issue in favor of appellee and against appellant, and rendered judgment for the costs on the attachment against appellant, and from this finding and judgment appellant appeals to this court.

The attachment is based on the 9th clause of Sec. 1 of Attachment Act, which provides as follows: "Where the debt sued for was fraudulently contracted on the part of the debtor: *Provided*, the statements of the debtor, his agent or attorney which constitute the fraud, shall have been reduced to writing and his signature attached thereto."

There can be no question but that the debt was fraudulently contracted on the part of appellee, and by reason thereof the first clause of said attachment provision was fulfilled. The only question remaining is whether the last clause of said act has been fulfilled, or, in other words, was there a sufficient reducing of the statement of the debtor to writing? Is the receipt above set out a sufficient compliance with the proviso of the statute?

We think the writing of the statements sufficient. The statements in writing need not contain everything that is said, nor all the devices that may be used to complete the fraud, and need not be reduced to writing *for the purpose* of furnishing evidence of the fraud. It is enough if the writing contain the substance in general of the statements which constituted the fraud. If the fraud is consummated and the writing is given at the time, after the verbal statements which

induced the fraud are made, it will be sufficient, even if the debtor had no intention at the time of furnishing evidence against himself. If the oral testimony shows the fraudulent design and negatives the statement of the facts stated in the writing, and the written facts are reasonably clear statements of the substance of the misrepresentations, then the writing is sufficient, under the statute. The above receipt shows that appellant was represented as the former guardian of Jennie and Ida Watrous, and that he had legally ceased to be such, and that appellee was then the legally constituted and qualified guardian; that he was in fact the successor, and thus he signs himself, the succeeding guardian. We think the offering of the receipt, executed as it was, clearly implied that he was then the legally appointed guardian. The order signed by the County Judge was only proof produced by appellee that his statement that he was duly appointed guardian by the County Court was true, and to induce belief. It was only collateral facts to induce credence in the mind of appellant that his false and fraudulent statement that he had been duly appointed was true. He stated such was the fact, and proceeded by documents to substantiate it. Nevertheless the appellant, having full confidence in the integrity of appellee, may not have required this evidence, but have been willing to pay the money over on the bare statement of appellee that he was duly qualified. Appellant knew that he had tendered his resignation, and all that remained for appellee to do was to file his guardian's bond, which he had no doubt of his ability or intention to do, and his bare word may have been all that was required. That appellee was the guardian was the only part of the statement that need have been reduced to writing. The due qualification of appellee as guardian was *the essential fact.*

The statements required by statute may be made by way of recital, or giving a receipt, as well as by direct averments.

The statute was one intended to prevent fraud and must be liberally construed, and the courts should give it a reasonable construction in order to attain that end.

The Attachment Act itself provides that it shall be con-

strued in all courts "in the most liberal manner for the detection of fraud."

We are therefore of the opinion that the error assigned is well taken, and that the court below should have also found the attachment issue in favor of appellant as well as the other one.

The judgment of the court below is therefore reversed and the cause remanded.

*Reversed and remanded.*