# JOHN C. YATES ET AL.
## v.
# ALICE M. DODGE, EXECUTRIX.

*Attachment Act—Clause 9, Sec. 1—Proviso—Recital· in Receipt, a Suf-*
*ficient Writing—Signature—Fraud—Attachment—Prior Unrecorded As-*
*signment—Notice.*

1. A receipt given to the "former guardian" of certain wards, and signed by the defendant as "succeeding guardian," is a sufficient writing within the proviso contained in clause 9, Sec. 1, of the Attachment Act, to charge the defendant, who falsely represented that he had qualified as such guardian.

2. Where an attachment is levied without notice of a prior assignment, which has not been recorded and under which the assignee has not taken possession, the assignment is subject to the attachment.

[Opinion filed June 29, 1887.]

APPEAL from the Circuit Court of Peoria County; the Hon. N. W. GREEN, Judge, presiding.

Messrs. STEVENS, LEE & HORTON, for appellants.

Messrs. PUTERBAUGH & PUTERBAUGH, for appellee.

*Per Curiam.* This case was here at a former term on the appeal of Wm. M. Dodge, now deceased, in which the court filed an opinion on December 11, 1886, reversing the judgment and remanding the cause for a new trial. 21 Ill. App. 547. The grounds for reversal, as this court then held, were, that the court below erroneously decided the statement in writing given by appellant Yates to Wm. M. Dodge, which constituted the fraudulent statements by means of which the debt sued on was contracted, was sufficient under Sec. 1, clause 9, of the Attachment Act, to maintain the attachment; that the attachment could not be sustained although the debt was fraudulently contracted.

The cause has been again tried and the court below, following

the opinion of this court, held that the writing was sufficient to sustain the attachment, and there being no dispute but that the debt was contracted by the appellant Yates by means of a most base and unmitigated fraud practiced by him on Dodge, the court below gave judgment in favor of the appellee, now the executrix of Wm. M. Dodge, deceased, on both the issues of indebtedness and attachment. From this judgment the appellants have appealed to this court and we are asked to review our decision and now to hold that the writing was not sufficient.

Another question has arisen in the case since it was here before. The appellant Freeman came into the court below and interpleaded, claiming the property levied on by the attachment writ under and by virtue of a deed of assignment made by Yates under the Insolvent Debtor's Act to him, as assignee, dated prior to the levying the writ of attachment but not recorded in the county until after such levy.

The court below decided against the appellant Freeman in the plea of interpleader and this is also assigned for error.

As to the question of the writing given by Yates being sufficient under the Attachment Act to sustain the attachment, little more need be said than was said in our former opinion, to which we adhere, and refer to for a more extended statement of the facts and the reasons given for the decision.

We will say, in addition, that the substance of the statement made by Yates which constitutes the fraud may be stated in a single sentence, as follows: "I am the guardian of Jennie and Ida Watrous." The truth of this statement was what Dodge relied on when he paid over to him the large sum of money in question. When this statement was made by Yates, in view of the latter's good character at the time, and all the other surrounding circumstances, Mr. Dodge readily believed his statements to be true, and the fraud was accomplished. Did the writing which was given at the time contain this statement in substance, and was Yates' signature "attached thereto"? It was in the form of a receipt for the money paid over, which was presented and shown and delivered at the time the transaction took place, and was a part of it.

Above the signature it was stated clearly that Dodge was the former guardian of said minors, and just beneath it was the statement that Yates was the "succeeding guardian."

The statement underneath was as much a part of the writing as any other, and Yates' signature was as much attached to it as to any other part. In substance the statement was made in writing that Yates was then the guardian. We can not conceive that the fact that the writing contained other matter could make any difference.

We now come to the question of interpleader. From the fact that the deed of assignment was not recorded until after the attachment was levied, and that the attachment was levied without notice to Dodge of the assignment, we think the recording laws would operate against the assignment and in favor of the attachment, the attachment having the effect of a sale to Dodge by Yates, without notice, express or implied, of the assignment.

No possession was taken of the property under the assignment by the assignee, as in the case of Meyer v. Fales' Sons, 12 Ill. App. 351, which distinguishes that case from this. In order to save the attachment no recording would be necessary, or notice of the levy to the assignee before he put the assignment on record, as he stands in no better position than did appellant Yates. He simply succeeded to the title that Yates held, after the levy of the attachment, that is to say, the title, subject to the lien of the attachment. He can not, even if he did not know of the levy of the attachment at the time he recovered his deed, be regarded in the light of an innocent purchaser without notice. See O'Hara v. Jones, 46 Ill. 288, and Eames v. Mayo et al., 6 Ill. App. 334.

We see no error committed by the court below, and affirm the judgment.

*Judgment affirmed.*