## Joseph Downey v. The Chicago Title and Trust Co., Assignee, etc.

1. VOLUNTARY ASSIGNMENTS—*What Passes to the Assignee.*—The
assignee of a failing debtor takes the property assigned subject to all
equities, liens or incumbrances which existed against it in the hands of
the insolvent.

2. SAME—*Priorities—Liens for Rent.*—A clause in a lease providing
that " the lessor or his representatives or assigns shall have at all times,
the right to distrain from rent due, and shall have a valid and first lien
upon all property of the party of the second part, whether exempt by
law or not, as security for the payment of the rent " reserved, gives no
lien upon after-acquired property of the lessee in the hands of the
assignee of the lessee in a case where the landlord has not availed himself
of his right to distrain.

Appeal from the County Court of Cook County; the Hon. JOHN H.
BATTEN, Judge, presiding.   Heard in the Branch Appellate Court at the
March term, 1899.   Affirmed.   Opinion filed January 30, 1900.

JOHN M. GARTSIDE, attorney for appellant.

JESSE A. and HENRY R. BALDWIN, attorneys for appellee.

Mr. Justice Freeman delivered the opinion of the court.

Appellant filed his petition in the County Court asking that appellee, as assignee of an insolvent firm, be required to pay the back rent of the premises occupied by the insolvents for a period of about eleven months prior to the assignment. It is claimed by appellant that he is entitled, as lessor, to priority over all other claims against the estate of said insolvents by virtue of the following clause in the lease :

"And said party of the second part further covenants and agrees that said party of the first part, or the representatives or assigns of said party, shall have at all times, the right to distrain from rent due, and shall have a valid and first lien upon all property of the party of the second part, whether exempt by law or not, as security for the payment of the rent herein reserved."

Special stress is laid by appellant upon the words "shall have at *all times* the right to distrain," and upon the provision giving "a valid and first lien upon *all property*" of the lessee. It is claimed the clause is meant to be construed not merely as giving a right to distrain "at all times," which right the law gives without a contract, but also as giving "at all times" a valid and first lien. The language read in its ordinary acceptation would be construed, no matter how punctuated, to give only the right to distrain "at all times." If the parties intended to say that the lessor should have at *all times* a valid and first lien upon all property which the lessors then had and might thereafter acquire, they certainly failed to state such intention in express terms.

There is no doubt as to the rule that the assignee of a failing debtor takes the property assigned subject to all equities, liens or incumbrances which existed against it in the hands of the insolvent. Hoover, etc., Co., v. Burdette, 153 Ill. 672, and cases there cited. The question is whether the clause in controversy gave appellant a valid and first lien upon all the property, whether after-acquired or not, which the lessees had at the time the assignment was made, as security for the rent then due and unpaid.

Appellant claims that the language of the lease includes

both property on hand at the time the lease was executed and also that after-acquired. In support of this contention the cases of Eames v. Mayo, 6 Ill. App. 334, and Link Belt Machinery Co. v. Hughes, 174 Ill. 155, are among the cases cited.

In Eames v. Mayo it was held that the landlord had a right to distrain upon the goods and chattels referred to in the lease, and distrained while upon the demised premises, regardless of whether the distraint was before or after the record of the assignment. It appears from the statement of the case that the goods and chattels taken were the same upon which the lien was given, and not after-acquired property. In Link Belt Machinery Co. v. Hughes it was held that where a receiver *took possession of the premises* and carried on the business under an order of court preserving whatever rights the lessor had, the receiver took the property subject to the same terms and conditions as it was held by the insolvent, and the lessor's lien continued and was transferred to the proceeds arising from the sale of such property and was prior to the claims of creditors and costs.

These cases cited by appellant are not applicable to the cause before us. They are based upon different states of facts and involve different questions of law. Borden v. Croak, 131 Ill. 68, is more in point. In that case the lease gave " a right of distress and also a valid and first lien for said rent accruing or to accrue upon the property of the person or persons liable therefor." The words " upon the property " of the tenant, being without qualification, seem to include *all* such property to the same extent as the lease under consideration in the case at bar, in which it is specifically so stated. The opinion of the court in the Borden case, there being no evidence that any of the goods upon the proceeds of which the lessor sought to obtain a preference were owned by the lessee at the date of the lease, and the burden of proof being on the lessor, holds that it will be assumed in the absence of such proof that the property was all after-acquired. The question was thus narrowed down

as it is in the case at bar, to whether the provisions of the lease were sufficient to vest in the lessor such lien upon after-acquired property as would enable him to pursue its proceeds, and the court says:

"It can not be said, however, that the language of the lease has any application to after-acquired property. In interpreting the words of an instrument, we should view them from the position, both as to time and circumstances, in which the parties stood when they used them. The lessee, speaking at the date of the lease, of his property, manifestly refers to the ' property ' he then owned and nothing more. If at that time he had executed an instrument conveying, assigning or mortgaging his ' property ' without qualifying words, no one would for an instant suppose that he was attempting to dispose of his future acquisitions. How then, can it be said that an instrument by which he attempted to create a lien upon his ' property,' without words indicating an intention to subject to the lien his future acquisitions, can have any broader application ? "

This language seems to be applicable in all respects to the case at bar. When a party conveys his " property " without modification or limitation, he conveys neither more nor less than all his property, and the word " all " neither adds to nor detracts from the force and meaning of the conveyance. It was further held in the case last cited, that such a contract will not be enforced in equity against subsequently acquired chattels where no chattels are specifically described except by the word " property."

In Powell v. Daily, 163 Ill. 646, the language of the lease gave " a valid and first lien upon any and all goods and chattels and other property belonging " to the lessees. It was held, as in Borden v. Croak, that in the absence of proof that any portion of the property held by the assignee was owned by the lessees at the date of the lease, it would be assumed to be all after-acquired property, and that the terms of the lease are ineffectual to create a lien thereon. It is also stated that the landlord has in this State no common law lien, but only the right to distrain. Of this right the landlord had not availed himself in time, the assignee having possession some days before the distress warrant issued. See also First Nat. Bank v. Adam, 138 Ill. 483 (501).

We regard the doctrine of these cases as decisive of the questions before us. The clause in controversy gave no lien upon the property in the hands of the assignee. Here the landlord had taken a judgment note two days before the assignment. Judgment was not entered thereon until nearly a month thereafter. The landlord had not availed himself of his right to distrain, and the execution under his judgment was not issued in apt time.

The judgment of the County Court is affirmed.