### Rose Ferguson and Anna Kowalski, Appellees, v. Frank M. McKey, Trustee, Appellant.

### Gen. No. 25,146.

1. Assignments for benefit of creditors, § 74*—*when direction to trustee includes lien of debtor's landlord.* Where the assignment of a debtor's assets made to a trustee by virtue of a composition agreement between the debtor and certain of his creditors directs the trustee to provide for or pay all legal or equitable liens against the property, such direction includes the lien of the debtor's landlord, who was not a party to the agreement, under an unrecorded lease.

2. Assignments for benefit of creditors, § 157*—*when debtor cannot be held to have been insolvent at time bankruptcy proceedings were begun.* Where, after the filing of an involuntary petition of bankruptcy, a composition agreement is entered into between the debtor and certain of his creditors pursuant to which action is delayed on the bankruptcy petition and the assets are assigned to a trustee, such agreement providing for the full payment of the creditors' claims with interest, it cannot be held in a suit in equity against the trustee to enforce a landlord's lien that the debtor was in fact insolvent at the time the bankruptcy proceedings were begun or that, had no composition agreement been entered into, it would ultimately have been adjudicated a bankrupt, notwith-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

standing the sale of the assets by the trustee realized a sum insufficient to pay the scheduled liabilities of the debtor.

3. ASSIGNMENTS FOR BENEFIT OF CREDITORS—*status of trustee.* Where a trustee takes under an assignment of a debtor's assets pursuant to a composition agreement between the debtor and certain of his creditors entered into after the filing of an involuntary petition in bankruptcy against the debtor, further proceedings under which were delayed by the terms of the composition agreement, he is not to be regarded in the same light as a trustee in bankruptcy.

4. ASSIGNMENTS FOR BENEFIT OF CREDITORS, § 157*—*when assign-'ment does not deprive assignor's lessor of lien for rent.* An assignment to a trustee made pursuant to an agreement between the assignor and certain of his creditors, in accordance with which the trustee occupies and uses the premises leased by the assignor, paying no consideration therefor, does not operate to deprive the assignor's lessor of the lien for rent contained in the lease, such lessor not having been a party to the agreement between the assignor and the creditors, but the proceeds of the sale of property subject to the lien are subject thereto in the trustee's hands.

5. ASSIGNMENTS FOR BENEFIT OF CREDITORS, § 72*—*trustee as not purchaser for value.* A trustee who takes title to property of a lessor under an assignment by the lessee made pursuant to an agreement between the lessee and certain creditors, to which the lessor is not a party, is not a purchaser for value and will not be protected against the enforcement of a lien in the lease against property of the lessee subject thereto.

6. BANKRUPTCY—*proceedings as superseded by composition agreement.* Semble, that where, after a bankruptcy petition is filed, a composition agreement is entered into between a majority of the creditors in number and amount and the debtor pursuant to the terms of which an order is entered delaying action on the petition, the bankruptcy proceedings are superseded and the debtor is reinvested with the assets freed from any rights acquired by the creditors by the filing of the petition.

7. ASSIGNMENTS FOR BENEFIT OF CREDITORS, § 157*—*when claim for rents entitled to priority.* Where the trust agreement under which a debtor's assets are conveyed empowers the trustee to bargain, sell, manage and otherwise deal with the trust property and provides that all liabilities incurred in connection with the execution of the trust by him are to be a charge upon the property and entitled to priority "over any debts now owing to said assenting creditors," a claim for rents accruing after the trustee took possession of the debtor's leased premises is entitled to priority.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the March term, 1919. Affirmed. Opinion filed December 8, 1919.

HERMAN FRANK, for appellant.

BUTZ, VON AMMON & JOHNSTON, for appellees.

MR. JUSTICE DEVER delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of Cook county.

The complainants were the owners of premises known as No. 2109 to No. 2127 Allport street, Chicago, which under various leases they had leased to Passow & Sons, a corporation; these leases contained the following provisions:

"Lessors should at all times have the right to distrain for rent due and shall have a valid and first lien upon all property of said lessee, whether exempt by law or not, as security for the payment of the rent reserved in said lease."

An involuntary petition in bankruptcy was filed against Passow & Sons in a federal court on September 26, 1917. During the pendency of the bankruptcy proceedings, which were contested by Passow & Sons, an order was entered which delayed action on the petition until it could be determined whether a proposed composition agreement would be confirmed.

The composition agreement which was proposed by Passow & Sons offered to its creditors a settlement of their provable claims for 100 per cent of their value, to be paid in three equal instalments on or before 6, 12 and 18 months, respectively, after the date of the confirmation of the agreement by the court, together with interest thereon at 5 per cent per annum. A majority of the creditors in number and amount accepted the composition agreement and on September 21, 1917, an order was entered in the District Court of the United States for the Northern District of Illinois, Eastern Division, confirming the agreement. At the

time of the confirmation of this agreement Passow & Sons delivered to Frank M. McKey, as trustee, a trust agreement dated August 20, 1917. This instrument was recorded in the recorder's office of Cook county on September 24, 1917, and was again recorded in the same office on January 2, 1918. At this time Passow & Sons were indebted, according to the schedule filed by it in the bankruptcy proceedings, in the sum of $100,000. Later the trustee, McKey, sold all of the assets of the corporation in his hands, except five lots of land, for a total sum of $50,419.94.

The trust agreement under which McKey held Passow & Sons' assets authorized the trustee, in case of default by Passow & Sons of its promises made in the composition agreement, to sell and dispose of the assets in his hands for the benefit of creditors. The complainants were not parties to the composition agreement, and it is insisted that McKey, the trustee, "took said legal title of said assets and leases purely as a voluntary trustee and subject to all claims, charges and liens, legal or equitable, against said property and assets."

Counsel for defendant contends that the trustee is a purchaser for value; that he did not take the assets of Passow & Sons as a voluntary trustee or assignee and that complainants are not entitled to a lien for rent due them on the personal property in the hands of the trustee. It is said that the defendant stands in the position of a purchaser for a valuable consideration and that he is not affected by an alleged secret lien, which is said to have existed between the complainants and the owners of the premises. The leases in question were not recorded.

Under the leases Passow & Sons had the right to possession of a part of the premises in question from October 1, 1915, to October 30, 1925, at a rental of $350 per month, the balance of the premises being leased to Passow & Sons for the period from May 1, 1916, to April 30, 1921, at a rental of $300 per month. The cor-

poration, Passow & Sons, was in possession of the premises on September 21, 1917, at which time the composition agreement was confirmed and the assignment in writing of all of its property was executed by it to the trustee.

Complainants in their amended bill claim a lien upon all the assets of the corporation which were on the leased premises at the time the leases were executed and also claim ownership of certain fixtures, apparatus and equipment attached to the realty and to certain personal property, consisting of worktables, benches, apparatus and utensils of various sorts. In their bill complainants prayed that the fixtures, apparatus and equipment should be decreed to be a part of the real estate; for an accounting as to the amount of rent and interest due; that the personal property subject to lien or liens be sold to satisfy the amount due and that a receiver be appointed to take possession thereof.

In November, 1917, the trustee sold all the assets of Passow & Sons and it was conceded that the lien or liens of complainants, if any, for rent upon the assets located in the premises should be transferred to the proceeds of the sale, which were more than sufficient to pay the amount due complainants. The amount due complainants, $2,016.40, is for rent of the premises which accrued after the filing of the petition in the bankruptcy proceedings.

The assignment agreement provided *inter alia* that:

"The trustee shall, as soon as may be after his acceptance of this trust, pay in full all wages of employees and all debts owing to any person or persons whose claims are entitled to priority under the laws of the United States relating to bankruptcy."

It further provided that

"all liabilities so incurred by him shall be a charge upon the trust property, entitled to priority over any debts now owing to the said assenting creditors, or any of them, except those holding security or having a lien, legal or equitable, upon any of said trust property."

And also that the trustee was to

"pay to any person holding a mortgage or lien upon any part of said trust property any sum deemed proper or necessary to secure the release or discharge of said mortgage or lien, in whole or in part,    *    *    *."

The assignment agreement also provided:

"The net proceeds from the said trust estate which shall remain after the payments hereinbefore. provided for, shall be applied and distributed by said trustee ratably, without preference or priority, to the payment of the debts and obligations and liabilities of said Passow & Sons, evidenced by the notes provided for and given in the composition proceedings above referred to, provided, always, that creditors holding liens, legal or equitable, shall be entitled to priority out of such proceeds, according to their respective liens."

A decree was entered in the cause finding the equities of the cause with complainants and it directed *inter alia* that the defendant should pay the sum of $2,016.40 out of the proceeds of the sale of the property to complainants. We are of opinion that the decree of the trial court was correct. Under the terms of the assignment agreement the trustee was directed to provide for or pay all legal or equitable liens existing against the property in his hands, including the leases under which the trustee held possession of the property. There had been no adjudication in the federal courts of the issues presented by the petition filed by creditors of Passow & Sons and it is stipulated that the proceedings were delayed for a considerable period of time before the order confirming the composition agreement was entered in the cause. Nothing in the record before us shows that the creditors would have been successful in having Passow & Sons adjudicated a bankrupt. That question, as stated, was still pending in the federal court when the assignment was made to the defendant. It is conceded that the scheduled liabilities of Passow & Sons amounted to $100,000 and that certain assets which passed to him under the

trust agreement were sold for $50,419.94, and while it is asserted that the total assets of Passow & Sons did not amount to more than $71,000, we are unable, upon examination of the stipulations entered into at the trial, to conclude, as urged, that the total assets of the assignor were not more than this sum. What the assets of the assignor's estate were is an undetermined question on the record. We are not authorized therefore to hold that Passow & Sons was in fact insolvent at the time the bankruptcy proceedings were begun or that, had no composition agreement been made with the creditors, it would ultimately have been adjudicated a bankrupt. The amount for which certain of the assets were sold by the trustee is not by any means conclusive on the question of the value of such assets, or what they would or could have been sold for at a later or different time.

Passow & Sons, so far as the record shows, did not at any time concede that it was in fact insolvent. Indeed, the composition agreement provides for the payment to its creditors of a sum equal to 100 per cent of the amount of the face value of the claims, with interest at 5 per cent until payment be made. The promissory notes of Passow & Sons were accepted by its creditors for the full amount of their claims and an assignment of all of its property was made to the trustee for the evident purpose of securing the payment of these notes.

We are unable to agree with counsel for defendant that the trustee should be regarded in the same light as a trustee in bankruptcy; he took the leases among the other assets of Passow & Sons and he occupied and used the premises in question by virtue of the rights and privileges given to the assignor under the leases. He, the trustee, paid no consideration therefor, and in the absence of compelling authority we are not willing to hold that the complainants should be deprived of so valuable a property right solely because other creditors, in an effort to obtain full payment of

their own claims, had entered into an agreement which, if the contention of the defendant is upheld, would deprive the complainants, without their consent and perhaps without their knowledge, of their prior claims against the property.

It has been definitely decided that a lien created by or under the terms of a written lease is valid and enforceable against an assignee of a lessee under a voluntary assignment for the benefit of creditors. *O'Hara v. Jones,* 46 Ill. 288.

"It is a general rule that whenever a right in equity attaches against a person, that equitable right binds all persons claiming under or against that person who have not special liens on any of the property, and hence it follows that general creditors are in all cases bound by a particular equity." Powell on Mortgages, 459.

Keeping in mind that the lien claimed herein arises under the terms of the leases and that the trustee took title to the property solely by act of the creditors and the lessee, we are of opinion that he is not a purchaser for value and that the complainants are entitled to enforce the lien created by the leases against the proceeds of the sale of the property in his hands.

We are inclined to agree with the contention that the composition agreement had the effect of superseding the bankruptcy proceedings and of reinvesting Passow & Sons with all of its assets freed from any rights acquired by the creditors by the filing of the petition in bankruptcy. 7 Corpus Juris 346.

We are inclined to the view also that aside from the question above discussed and whatever the law may be with reference thereto, that complainants were entitled to preferred payment of their claims as a result of the agreement under which the assignee took possession of the property. As stated, the claim is for rents which accrued after the bankruptcy petition had been filed. Under the trust agreement the trustee was given broad powers to bargain, sell, manage and otherwise deal with the property in his hands, and it was

provided therein that all of the liabilities incurred in connection with the execution of the trust agreement by him were to be a charge upon the trust property and entitled to priority "over any debts now owing to said assenting creditors or any of them."

If the trust agreement is to be given effect, and if it was intended that all of the defendant's creditors were bound thereby, then we think that under the trust agreement itself the defendant is bound to allow the claim of complainants as a preferred claim against the moneys in his hands.

The decree of the Circuit Court is affirmed.

*Affirmed.*