# CASES

### ARGUED AND DETERMINED

#### IN THE

# SUPREME COURT OF ILLINOIS.

SETH W. HARDIN

*v.*

NIAL S. OSBORNE.

*Filed at Ottawa, March 23, 1880.*

1. ASSIGNEE IN BANKRUPTCY—*prior unrecorded deed from the bankrupt.* An assignee in bankruptcy does not take the title to the property of the bankrupt as an innocent purchaser without notice, free from latent equities, etc., but he takes as a mere volunteer, standing in the shoes of the bankrupt as respects the title, having no greater rights in that regard than the bankrupt himself could assert.

2. So, where a bankrupt had conveyed land prior to the time he was adjudged a bankrupt, and the deed remained unrecorded, no title would pass to the assignee as against the purchaser holding under the prior unrecorded deed.

APPEAL from the Circuit Court of Will county.

Mr. EDMUND S. HOLBROOK, for the appellant:

The assignee in bankruptcy takes only such rights of property as the assignor had at the time. James' Bankrupt Laws, 36, 37; *Cole* v. *Duncan,* 58 Ill. 176; *Bentley* v. *Wells,* 61 id. 60; *Stowe* v. *Yarwood,* 20 id. 438, 497; *O'Hara* v. *Jones,* 46 id. 288.

Mr. G. D. A. PARKS, for the appellee:

If the deed of trust from Bailey & Reynolds to Brower & Wynkoop was not delivered until after the proceedings in bankruptcy, the Bankrupt law of 1841 *ipso facto* vested the legal title in the assignee absolutely, and the plaintiff can not recover, and such is the fact, as will appear from unmistakable indications on the face of the papers.

The deed to Brower & Wynkoop was not recorded until 1844, and was therefore subject to the paramount rights of the assignee.

The legal estate in the case of an assignment for creditors, even without reconveyance, being created for and limited to certain objects, expires with the expiration of the trust. *Rees* v. *Gibson*, 50 Ill. 405.

The indebtedness which the assignment was made to secure was entirely extinguished by the discharge in bankruptcy of the assignors, Bailey & Reynolds.

If the foregoing proposition should not be maintained, still the defendant, as to the quarter section, established a defence under the second section of the Limitation law of 1839. *Hardin* v. *Crate*, 60 Ill. 215; *Hardin* v. *Osborne*, 60 id. 93.

All the estate of the bankrupt, real and personal, whether named in the schedule or not, vests in the assignee by operation of sec. 3 of the act of Congress of 1841. *Holbrook* v. *Brenner*, 31 Ill. 502; *Holbrook* v. *Coney*, 25 id. 543; *Holbrook* v. *Dickinson*, 56 id. 499; 3 Pars. on Conts. 472.

The assignment for creditors was made in 1838, and Bailey & Reynolds bought the land in controversy at sheriff's sale on December 1, 1840; therefore it can not be maintained that they took and held that title in trust for creditors. But, even if they did, the legal title vested in the assignee subject to the trust. The fee must always be somewhere.

The deed of *Bailey & Reynolds* to Brower & Wyncoop bears date May 1, 1841, but the acknowledgment was taken after Bailey & Reynolds were adjudged bankrupts. The presumption that a deed was executed on the day of its date prevails

only till rebutted by evidence or overborne by countervailing presumptions. *Blanchard* v. *Tyler,* 12 Mich. 342; *Buck* v. *Cole,* 4 Sand. 79; *Draper* v. *Snow,* 20 N. Y. 331; *Dodge* v. *Hopkins,* 14 Wis. 641; *Elsey* v. *Metcalf,* 1 Denio, 326; *Jackson* v. *Schoonmaker,* 2 J. R. 234; *Blake* v. *Fash,* 44 Ill. 345; *Henderson* v. *Mayor of Baltimore,* 6 Md. 78; *Barry* v. *Hoffman,* 37 Eng. Com. L. 392; *Newlin* v. *Osborne,* 4 Jones' L. (N. C.) 157; *Harris* v. *Norton,* 16 Barb. 264; *County of Henry* v. *Bradshaw,* 20 Iowa, 355; *Genter* v. *Morrison,* 31 Barb. 155; *Wykoff* v. *Remsen,* 11 Paige, 564; Best on Presumptions, sec. 133; 3 Wash. Real Prop. 253.

The deed to Brower & Wynkoop, Hardin's grantors, was not recorded till 1844. The title vested in the assignee in bankruptcy, Waddell, in 1842, must prevail against such unrecorded deed. 5 U. S. Stats. at Large, 443; 3 Pars. on Conts. 472; *Holbrook* v. *Dickinson,* 56 Ill. 499; Bump on Bankruptcy, 327.

Messrs. GOUDY, CHANDLER & SKINNER, also for the appellee:

1.   The deed of Bailey & Reynolds to Brower & Wynkoop is a deed of trust for the benefit of creditors.

2.   When the objects of a deed of trust are accomplished, the legal title is invested in the reversioner without a new deed of conveyance.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

Numerous errors have been assigned on this record, but we deem it unnecessary to consider any more than those which question the giving of the sixth and seventh of defendant's instructions, and the refusal to give plaintiff's twenty-fifth instruction.

This is the sixth instruction: "The jury are further instructed, that an assignee in bankruptcy takes all the estate of the bankrupt liable for the payment of the debts under the oper-

ation of law, in the same manner and to the same extent as an innocent purchaser without notice, and that as against the assignee, and under the registry laws of this State, an unrecorded deed will pass no title; and if the jury believe, from the evidence, that the deed from Bailey & Reynolds to Brower & Wynkoop was not recorded until after Bailey & Reynolds had been adjudged bankrupts, that such deed, as against such assignee, will not convey title."

The seventh is as follows: "If the jury believe, from the evidence taken, that Bailey & Reynolds were adjudged bankrupts before the deed from Bailey & Reynolds to Brower & Wynkoop was recorded, such deed will not pass title, as against the assignee, and the plaintiff can not recover."

The twenty-fifth instruction asked by plaintiff and refused by the court reads: "The court instructs the jury, as a qualification to defendant's sixth instruction, that if the assignee had actual notice of the existence of the deed of Bailey & Reynolds, and the fact of the conveyance made before and at the time of the bankruptcy of Bailey & Reynolds, then the law is, that he took no title as against such deed, although it is not recorded at the time." This presents the question whether the assignee takes the title of the bankrupt as a *bona fide* purchaser, free from all liens or claims known as latent, or whether he takes as a volunteer. It is believed that no case has gone the length of holding that an executor or administrator takes the title to the property of the deceased free from all equities or adverse claims. And they take for the benefit of creditors. The will in many cases devises the title to real estate to the executor for the benefit of creditors, and the title so vests in him when letters testamentary are granted, and yet he holds the property subject to all liens, claims or equities, precisely as did the testator. The law vests the title to personalty for the benefit of creditors in an administrator, and yet he only takes it as it was held by the intestate.

In the case of *Willis* v. *Henderson*, 4 Scam. 13, it was held,

that an assignee who took by conveyance for the benefit of creditors, without notice of a prior incumbrance, took no better title than that held by his grantor. It was there said: "So far as he is concerned his conveyance is entirely voluntary, and under it he could acquire no rights to the prejudice of the equitable interests of the complainant." See *Tallcott* v. *Dudley*, 4 Scam. 427, where the same rule is announced as to an assignee in bankruptcy. Also, *Strong* v. *Clawson*, 5 Gilm. 346, which announces the same rule.

In the case of *Stow* v. *Yarwood*, 20 Ill. 497, the parties had mutual demands against each other, and Stow became a bankrupt and was discharged from his debts. The court below held, that by the assignment in bankruptcy Stow's claim against Yarwood passed to the assignee, and Yarwood could not set off his claim, but must pay the claim of Stow against him to the assignee. But this court said: "It is true that everything that was due to Stow from Yarwood and all others, passed to his assignee, but they passed to him subject to all equities and defences of every description which existed against them in the hands of Stow. This is a principle recognized everywhere." It was also held, the assignee took as a volunteer, and therefore the assignment in nowise changed the right of Yarwood to set off his claim against that of Stow, which had passed to the assignee.

It is believed that other cases might be referred to holding the same doctrine, if it were deemed important, but we regard these as sufficient. They seem to us to be just, reasonable and according to a fair construction of our recording law. It may be that there is not harmony in the decisions of the courts of other jurisdictions, but ours are uniform, and, as far as this jurisdiction is concerned, we regard it as settled that the assignee takes no better or greater title as against an unrecorded deed than was held by the bankrupt. If, however, in such a case the assignee were to sell and convey the land to an innocent purchaser without notice, and he were to place his deed on record before that of the prior purchaser, a dif-

ferent case would be presented. Suppose the debts had been paid without the sale of the land, does any one suppose the bankrupt could have held it against his former grantee whether or not his grantee had recorded his deed? Where the purchaser had paid his money and received the conveyance, his equities are surely equal to that of other creditors. His deed operated to convey to him the title, and the creditors have advanced nothing to procure a lien on the land, and the order declaring him a bankrupt and the appointment only operated as a transfer of whatever interest the bankrupt held for the benefit of his creditors.

The case of *Holbrook* v. *Dickenson*, 56 Ill. 497, is referred to as bearing on this question. On examining it we fail to perceive that it should have any controlling effect. That was a case where the bankrupt, before the decree in bankruptcy was rendered, had conveyed to Gurdon Hubbard, but that deed was never recorded. The assignee sold the land to Holbrook and conveyed the land to him. It was held, under these facts, that the defendant could not set up or show the unrecorded deed to Hubbard to defeat Holbrook's title. Thus, it is seen that the case is unlike the rule announced in these instructions. They say nothing in regard to a purchase from the assignee. Again, the previous decisions of this court hold the assignee to have no more or greater title than was held by the bankrupt, and are not questioned, but are held not to be decisive of this question.

The court erred in giving these instructions for defendant and refusing that asked by the plaintiff, and the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*