THE HOOVEN, OWENS & RENTSCHLER COMPANY *et al.*

*v.*

JOHN W. BURDETTE, Assignee, *et al.*

*Filed at Ottawa October 29, 1894.*

1. SALE—*with reservation of title until payment—valid between parties.* A contract of sale of machinery, reserving title in the seller until notes given for the purchase money are satisfied, is valid as between the parties, although not recorded.

2. INSOLVENCY—*assignee of insolvent takes subject to equities.* The assignee of a failing debtor takes the property assigned subject to all equities, liens or incumbrances existing against the same in the hands of the insolvent.

3. SAME—*lien for purchase money may be transferred to fund upon sale.* One selling machinery to a purchaser who afterwards assigns, the seller reserving title in himself until payment, does not waive his rights by failing to take possession of the property, or by consenting to a sale of it by the assignee, if such consent be given upon condition that the lien be transferred to the proceeds.

4. SAME—*sale with reservation of title—right of seller against assignee.* Sellers of property reserving the title until payment have the right to take possession of the property in case of non-payment, even though the property has passed to the hands of an assignee of the purchaser holding for the benefit of creditors.

5. SAME—*rights of sellers of property who reserve liens for purchase money.* A lien for purchase money expressly reserved in the contract of sale by sellers of machinery to one who becomes insolvent and assigns, is superior to the claims for indebtedness incurred by the insolvent's assignee in continuing the business by order of the county court, even though such lien is not of record.

*Hooven, Owens & Rentschler Co.* v. *Burdette,* 51 Ill. App. 115, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

On January 19, 1892, a deed of assignment, under the Insolvent act, was filed by the R. S. Dickie Manufacturing Company in the office of the clerk of the county court, and also with the recorder of deeds of Cook county. The deed varied from the usual form only in the fact that it

contained this clause : "This conveyance is made subject to a lien in favor of Van Allens & Boughten on presses and other property sold by the said Van Allens & Boughten to the said R.ª S. Dickie Manufacturing Company, for $25,115.07 of unpaid purchase money thereon, according to contract." Some time previous to the assignment the R. S. Dickie Manufacturing Company had purchased from the Hooven, Owens & Rentschler Company an engine, and from Van Allens & Boughten certain presses and other machinery. A part payment in cash was made, and written contracts entered into similar in both cases, in which it was provided that title to the property sold should remain in the vendors until full payment should have been made for such machinery. These contracts were not made a matter of record. At the time of the assignment the R. S. Dickie Manufacturing Company was indebted to the Hooven, Owens & Rentschler Company in the sum of $500, and to Van Allens & Boughten in the sum of $25,114.82, balance of purchase money, in each case, on the property purchased. Both of these amounts were evidenced by notes payable to the respective parties.

One Allen F. Moore was named as assignee in the deed of assignment, and qualified on January 21, 1891. All the property purchased from the two appellants above named was turned over to the assignee. On the 22d of January the county court of Cook county, upon petition of the assignee, made an order authorizing the assignee to conduct the business of manufacturing until the material on hand should be worked up and unfilled orders taken by the debtor prior to the assignment should have been filled.

Moore resigned as assignee on January 30, 1891, and George E. Lloyd was by the court appointed assignee. On the same day the county court entered another order, authorizing the assignee to conduct the business of manufacturing as in his own judgment should be deemed best, until the further order of the court; to borrow money for the use of the business, in such sums as in his judgment

might be for the best interests of the estate; to issue receipts or certificates therefor, and provided that the same should be paid, with interest, out of any money which might come into his hands as assignee, and provided further that the same should be a valid and first lien upon the property or effects or proceeds thereof belonging to said estate or which might come into the hands of the assignee, not affecting, however, any equitable or other right or lien now held by any party. It appears that after this order, Lloyd, the assignee, continued the business of manufacturing, not only to the extent of filling incomplete orders of the debtors, but to the further extent of purchasing and working up large amounts of new material. The consequences of this continuation of business were very disastrous to the estate, resulting in large losses.

On October 14, 1892, Lloyd resigned as assignee, and John W. Burdette, one of appellees, was appointed assignee, and ordered by the court to complete the work on hand, but to take no new orders, and pay expenses incurred by him. The assignee was further ordered to advertise for bids on the property in bulk, and on the portions of presses and machinery claimed by appellants Van Allens & Boughten and the Hooven, Owens & Rentschler Company, separately. Previous to this time petition had been filed by these two appellants setting forth that they were entitled to the property on account of the failure to pay the unpaid purchase money, and asking that the assignee be ordered to sell the property on which they claimed a lien, and out of the proceeds pay their claims. On February 11, 1893, the county court, upon a hearing, found that appellants Van Allens & Boughten and the Hooven, Owens & Rentschler Company were entitled to a lien upon the property sold by them. After the sale at which this property was sold separately, the court entered an order approving the same, and providing, "that persons claiming liens upon said property are

not deprived of their rights in that respect, and that title or lien, if any existed, shall be transferred to such fund, the proceeds of sale, to the end that in case the court shall find and determine that any such title or lien existed, the same shall be satisfied in full out of such fund or proceeds." To the rendering of this order the two appellants above named consented.

At the time of the final settlement of the estate the total assets in the hands of the assignee available for distribution were $42,133.59. The indebtedness incurred by the assignees in carrying on the business of manufacturing, and remaining unpaid at that time, was $27,089.21, not including the legitimate costs of administration upon the estate. Meanwhile a large number of claims of general creditors, amounting to $32,000, had been filed in the county court against this estate, including one of the Sterns Paper Company for $7492.76, on which judgment had been rendered on November 10, 1892, against the insolvent debtor. Upon the final distribution of the amount in the hands of the assignee, the county court ordered the assignee to pay as follows : First, the proper charges for the administration of the estate ; second, the payment of the creditors of the assignees ; third, the payment of the amounts due appellants Van Allens & Boughten and the Hooven, Owens & Rentschler Company, and in case there should not be a sufficient amount after the payment of the costs of administration and claims of creditors of assignees, then these two appellants should be paid *pro rata;* and fourth, any remaining assets to be distributed among the general creditors who had proved their claims.

Messrs. HAMLINE, SCOTT & LORD, for the appellant the Hooven, Owens & Rentschler Company:

The reservation of title is good as between vendor and vendee, and all persons claiming in the right of the vendee, except purchasers for value and creditors who have acquired liens. *Latham* v. *Sumner,* 89 Ill. 233 ; *Fair-*

*banks* v. *Malloy*, 16 Ill. App. 277; *Singer Manf. Co.* v. *Tread-way*, 4 id. 57; *Murch* v. *Wright*, 46 Ill. 487; *Brundage* v. *Camp*, 21 id. 330.

Such being the law as between the vendor and vendee, there can be no question that the assignee took no other or greater rights than the vendee, his assignor, possessed. *Hardin* v. *Osborne*, 94 Ill. 571; *Burgett.* v. *Paxton*, 99 id. 288; *O'Hara* v. *Jones*, 46 id. 288; *Matter of Bales, Assignee*, 118 id. 524; *Field* v. *Ridgely*, 116 id. 424.

Being good as against the assignee, the reservation of title was equally good as against creditors claiming under the assignee. *Union Trust Co.* v. *Trumbull*, 137 Ill. 146; *Field* v. *Ridgely*, 116 id. 424.

That a note was received in absolute payment, so as to waive a claim for lien, is matter of defense, and must be proved by affirmative evidence. *Paddock* v. *Stout*, 121 . Ill. 571; *Brady* v. *Johnson*, 24 id. 110; *Meeks* v. *Sims*, 84 id. 425; *Van Court* v. *Bushnell*, 21 id. 624.

Messrs. REMY & MANN, for the appellants Van Allens & Boughten:

The equity of redemption was all the interest in the property conveyed by the deed of assignment, and the assignee took subject to the lien. *Willis* v. *Henderson*, 4 Scam. 13; *Hardin* v. *Osborne*, 94 Ill. 571; *Jenkins* v. *Pierce*, 98 id. 646; *Jack* v. *Weiennett*, 115 id. 105; *Trust Co.* v. *Trumbull*, 137 id. 180.

In the case of *Stewart* v. *Platt*, 101 U. S. 731, which was a case of involuntary bankruptcy, the court held that, as against an assignee, an unrecorded chattel mortgage was good. *Wilson* v. *Esten*, 14 R. I. 621; *Keller* v. *Smally*, 63 Tex. 518.

The only creditor who can complain of a lien valid between the parties, is a creditor who has acquired some lien on or interest in the property. *Trust Co.* v. *Trumbull*, *supra; Roberts* v. *Austin Corbin & Co.* 26 Iowa, 327; *Keller* v. *Smally, supra.*

When a court of equity seizes property, and thereby suspends the rights of all parties to pursue their remedies at law, the rights of the parties remain the same, but the forum in which they may be asserted is restricted to that which has made the seizure. *Roseboom* v. *Whittaker*, 132 Ill. 81.

Forbearance to crush a struggling debtor on the first opportunity is deemed a virtue, and is to be regarded by the courts with favor. *Field* v. *Ridgely*, 116 Ill. 424; *W. O. Tyler Paper Co.* v. *Lithographing Co.* 35 Ill. App. 500.

It is competent for a debtor in this State to make an assignment of the whole or a portion of his estate. *Farwell* v. *Cohen*, 138 Ill. 216.

Messrs. TENNEY, CHURCH & COFFEEN, for the Sterns Paper Co. :

This rule as to confusion of funds has been often applied to defeat liens of this kind. *Thompson's Appeal*, 22 Pa. St. 16; *Drake* v. *Taylor*, 6 Blatchf. 14; *Bank* v. *Goetz*, 138 Ill. 127.

If liens in favor of Van Allens & Boughten and the Hooven, Owens & Rentschler Company were created, such liens were secret and fraudulent liens, and will not be enforced to the injury of creditors who have given credit to the Dickie Manufacturing Company, relying upon its apparently unincumbered ownership of the property. Bump on Fraud. Con. 231, 239 ; *Brundage* v. *Camp*, 21 Ill. 330; *Ketchum* v. *Watson*, 24 id. 592 ; *McCormick* v. *Hadden*, 37 id. 370 ; *Henry* v. *Locomotive Works*, 93 U. S. 664.

An unrecorded mortgage is void, even as to persons with notice. *Porter* v. *Dement*, 35 Ill. 478 ; *Sage* v. *Browning*, 51 id. 217.

The principle that the absence from the public records of any notice of the existence of a lien is in effect a statement by the lienholder that the property is unencumbered, is stated in *Heslin* v. *Wells*, 104 U. S. 439.

Cases involving the validity of an unrecorded chattel mortgage as against subsequent creditors are *Thompson*

v. *Van Vechten,* 27 N. Y. 568; *Feary* v. *Cummings,* 41 Mich. 366; *Crippen* v. *Fletcher,* 56 id. 386. See, also, *Talcott* v. *Crippen,* 52 Mich. 633; Herman on Chattel Mortgages, sec. 104; Wait on Fraud. Con. secs. 325, 326; *Ramsey* v. *Town,* 20 Fed. Rep. 558; *Stewart* v. *Beale,* 68 N. Y. 626; *Frasen* v. *Gilbert,* 11 Hun, 624; *Paper Co.* v. *Freie Presse Co.* 67 Wis. 101; *Ketchum* v. *Watson,* 24 Ill. 592; *Briggs* v. *Jones,* Law Rep. (10 Eq.) 92; *Rice* v. *Rice,* 2 Drew, 73; *Bank* v. *Newton,* 13 Col. 245; *Blennerhasset* v. *Sherman,* 105 U. S. 100; *Hildreth* v. *Sands,* 2 Johns. Ch. 35; *Hildebun* v. *Brown,* 17 B. Mon. 779; *Boyd's Exrs.* v. *Brown,* 6 Pa. St. 310; *Gould* v. *Craft,* 17 Fed. Rep. 707; *Hilland* v. *Cogle,* 46 Miss. 309; *Gill* v. *Griffith,* 2 Md. Ch. 282.

Messrs. CRATTY BROS. & JARVIS, for the appellee John W. Burdette:

In the case of *Singer* v. *Leavitt,* 33 Ill. App. 495, the order of the county court was affirmed, directing the payment of an indebtedness contracted by an assignee in carrying on a theatre. *Baker* v. *Singer,* 35 Ill. App. 271.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The first question which we are called upon to consider in this case is, as to whether appellants the Hooven, Owens & Rentschler Company and Van Allens & Boughten had a valid lien upon the machinery and presses sold by them to the insolvent debtor. This property had been sold by the two appellants above named for a part payment in cash, and also with contracts signed by the insolvent debtor, agreeing that the title to the property should remain in the vendors until balance of the purchase money should have been fully paid and the two notes to be afterwards given satisfied, either in cash or by the execution of chattel mortgages to secure the same. It is urged by the other creditors of the insolvent debtor that these contracts not being a matter of record, and no notices having been brought to them of the existence of

such contracts until after the assignment, they were void as to creditors ; that the indebtedness to other creditors was contracted upon the assumption by such creditors that, the insolvent debtor being in possession of the property and no liens having been reserved of record, the insolvent debtor, at the time of the purchase of the goods from them, was financially responsible. It is urged, therefore, that the county court, and also the Appellate Court, erred in declaring that appellants Van-Allens & Boughten and the Hooven, Owens & Rentschler Company had a lien upon the property sold by them for the unpaid purchase money, as against appellant the Sterns Paper Company, and other creditors, and that the order preferring the two appellants to other creditors should not have been made.

The rule is well settled that the assignee of a failing debtor takes the property assigned subject to all equities, liens or incumbrances which existed against the same in the hands of the insolvent. *Willis* v. *Henderson,* 4 Scam. 13 ; *Hardin* v. *Osborne,* 94 Ill. 571; *Jenkins* v. *Pierce,* 98 id. 646 ; *Jack* v. *Weiennett,* 115 id. 105 ; *Union Trust Co.* v. *Trumbull,* 137 id. 146.

As between appellants Van Allens & Boughten and the Hooven, Owens & Rentschler Company and the R. S. Dickie Manufacturing Company, the contract of purchase and the reservation of title in those appellants until the satisfaction of the notes for unpaid purchase money was valid, and it was not necessary, as between the parties, that such contract should be made a matter of record.

At the time of the assignment Van Allens & Boughten and the Hooven, Owens & Rentschler Company had the right, under their respective contracts, to take possession of their property. The deed of assignment conveyed to the assignee no greater rights or title in this property than the insolvent debtor had. The same right still existed in the vendors to take possession of the property from the assignee. A failure to do so was no waiver of

their rights. Their lien for unpaid purchase money existed, and was prior to the claims of appellant the Sterns Paper Company or any other general creditors. Van-Allens & Boughten and the Hooven, Owens & Rentschler Company, by their petition in the county court, consented to the sale of the property by the assignee, conditioned, however, that their liens should be transferred to the proceeds arising from the sale of this specific property. The effect, therefore, was to leave in the hands of the assignee a specific fund of money on which these two appellants held a first lien, from which they were first entitled to be paid the amount of their respective balances.

Under an order of the county court the assignee continued the business of manufacturing formerly carried on by the insolvent debtor, purchasing new material, taking new orders, creating new indebtedness, and in the end the business was wound up with a large amount of claims against the assignee, incurred in this venture, which the court ordered paid prior to the claims of appellants Van-Allens & Boughten and the Hooven, Owens & Rentschler. Company. The identical property on which these two appellants claim a lien or to which they assert title in themselves actually sold at the assignee's sale for more money than the amount of the indebtedness to them, and their lien was transferred to this fund, so there was ample to have paid their claims. If the indebtedness created by the assignee under his unfortunate venture be first paid, however, there will only be about $13,000 or $14,000 to be distributed *pro rata* between them to pay some $27,000 of their claims. The effect of this would be that the order of the county court would deprive these two appellants of their title or lien on the property, or on the fund arising therefrom for the benefit of creditors of the assignee.

We hold that the county court could make no valid order dispossessing these two appellants of their title to the property, or depriving them of their lien on the fund

arising therefrom.    This lien having once attached could not be released except by some act of the parties entitled to the same.    The county court, proceeding under the Assignment act, derives its power solely from the statute, and no authority is there given to authorize or empower an assignee of an insolvent debtor to continue business at great expense, and to borrow money or create indebtedness for that purpose.    Any order of the county court, therefore, authorizing this, or providing that the assignee might issue certificates for such indebtedness, and that the same should be a valid or first lien upon any property or effects belonging to said estate which might come to the hands of the assignee, would be an improper and invalid order, and would in nowise affect the rights of parties holding prior liens.    The legitimate costs of administering the estate incurred by the assignee, not including the indebtedness created in continuing the business, were proper to be first paid, prior to the claims of Van Allens & Boughten and the Hooven, Owens & Rentschler Company.    The property passed to the hands of the assignee, and these two appellants did not insist upon its being at once turned over to them, as they might have done, but consented to a sale thereof and that their lien might be transferred to the proceeds.    They receive, thus far, the benefit of the assignee's services, and must share in the costs necessarily incurred.

For the errors indicated above this cause is reversed and remanded, with directions to the county court to make such order as shall result in the distribution by the assignee of the proceeds in his hands as follows :    First, the proper charges for the administration of the estate ; second, the payment of the amounts due appellants Van-Allens & Boughten and the Hooven, Owens & Rentschler Company, respectively, to the extent the proceeds of the property which these appellants sold the insolvent debtor, and to which they reserved title, will pay them, respectively.                    *Reversed and remanded.*