THE STERNS PAPER COMPANY

*v.*

EDWARD C. WILLIAMS, Admr.

*Opinion filed February 17, 1899—Rehearing denied April 7, 1899.*

1. The principal questions raised in this case are discussed and determined in *Bradner Smith & Co.* v. *Williams, ante,* p. 420.

2. VOLUNTARY ASSIGNMENTS—*when right to hold assignee personally liable is not waived.* The right of one dealing with an insolvent estate to hold the assignee personally liable for goods sold for use in conducting the insolvent's business is not lost because the sale is to and the charge against the assignee, as such.

3. SAME—*when one dealing with estate is not estopped to claim personal liability against the assignee.* Petitioning the county court to permit an assignee to continue his insolvent's business does not estop the petitioner from asserting a personal liability against the assignee for goods subsequently sold for use in the business.

*Williams* v. *Sterns Paper Co.* 78 Ill. App. 499, reversed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. A. N. WATERMAN, Judge, presiding.

TENNEY, McCONNELL, COFFEEN & HARDING, for appellant.

BANGS, WOOD & BANGS, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The facts in this case are in substance like those in *Bradner Smith & Co.* v. *Williams, ante,* p. 420. The only difference in the facts is, that in this case it appears from the record appellant petitioned the county court that the business be continued, which was not done in the case above cited. That in no manner changed the liability of the assignee under the statute, as he had no power to continue the business and the county court was without authority to confer on him such power. *Hooven, Owens & Rentschler Co.* v. *Burdette,* 153 Ill. 672.

It appears that the president of the appellant company was present at the meeting of creditors and presided over the same at the time the assignee was selected and instructed to borrow money, for what purpose does not appear from the record. Inasmuch as the former assignees had been by the county court instructed to continue the business, it may be assumed the money was borrowed for the purpose of so doing.

It is undoubtedly true that one dealing with an assignee may waive and release him from any personal liability for goods sold him or may elect to look alone to the estate, so that he would be held to have waived a right to claim a liability against the assignee in his individual capacity. A creditor may, by action, promise or contract, be estopped from claiming that the assignee should be liable in his individual capacity. To accomplish this there must be more than the sale to and charge against the assignee, as such. Nor will the mere request of a person who is a creditor of the estate dealing with the assignee, that he continue the business, amount to

such waiver or effect such estoppel. The principle announced in *Bradner Smith & Co.* v. *Williams, supra,* is conclusive on these questions.

The judgment of the Branch Appellate Court for the First District is reversed and the judgment of the circuit court of Cook county is affirmed.

*Judgment reversed.*