## Columbia Hardwood Lumber Co. v. William Brandenberger et al.

1. LIENS—*Sheriff and Assignee.*—Where a sheriff seizes goods on an execution, the execution debtor afterward makes an assignment and the sheriff transfers the goods seized to the assignee, subject to the lien and rights acquired by levy of the execution, the execution creditor is not deprived of any of his legal rights.

2. ASSIGNEES—*Liability for Unlawfully Disposing of Goods.*—If an assignee sells the assets and uses the proceeds unlawfully, a creditor to whom he has paid the proceeds of such sale can not be held to account for them to other creditors.

3. PREFERENCES—*Right Purely Statutory.*—The right to preference under Sec. 6, Chap. 10a, R. S. is purely statutory, and strict compliance is necessary to its enforcement; the claim for such preferences must be presented within ten days after seizure on execution whether an assignment follows or not.

**Voluntary Assignment.**—Appeal from the County Court of Cook County; the Hon. R. W. S. WHEATLEY, Judge, presiding. Appeal. Heard in the Branch Appellate Court at the October term, 1898. Reversed and remanded. Opinion filed May 2, 1899.

**Statement of the Case.**—Appellant obtained a judgment against the Knaus & Green Manufacturing Co. for $1,314.93 and levied upon the property of the judgment debtor. Subsequently the latter made an assignment for the benefit of creditors and on the following day, January 22, 1895, by agreement between the parties an order was entered in the County Court directing the sheriff to turn over the property levied upon by him by virtue of the writ of execution to the assignee, and it was stipulated, agreed and ordered that the lien of appellee should in no manner be

waived or released, but should remain to all intents and purposes as if the said property had remained in the hands of the sheriff and that the County Court should determine and enforce said lien.

It appears that the assignee carried on the business of the insolvent company and paid current expenses for nearly two years, during which time he received and disbursed over forty-one thousand dollars including fees to himself as assignee, and about three hundred dollars to his attorneys. The inventory filed by him shows that the property levied upon and turned over by the sheriff subject to appellant's judgment lien for $1,314.93 was of an estimated value of over thirty-three hundred dollars and that there were in addition accounts receivable for over nine hundred dollars, while the total claims filed for indebtedness of the insolvent company, including the judgment of appellant and the claims of appellee for about $233.82 were less than three thousand dollars.

No objection seems to have been made by either of the parties hereto to the conduct of the assignee in so carrying on the business. It is claimed that he " practically devoured the estate" and acted without authority from the County Court.

Appellant filed its petition and was declared entitled to its preferred lien. The assignee was ordered to pay the same out of the first money which came into his hands. Subsequently appellant filed another petition asking for an accounting from the assignee for the property which had been levied upon under appellant's execution, to which the assignee replied that he was unable to account for the property, as a large part had been sold and disposed of, and there was only left certain machinery and office fixtures, and that he could not state what had been realized therefrom. Meanwhile the assignee was directed to solicit bids for the property in his hands, and appellant bid seven hundred dollars for the remaining property formerly owned by the debtor " conditioned on the same applying on our judgment against Knaus & Green Manufacturing Company."

The court ordered, February 4, 1897, "that the lien of the said Columbia Hardwood Company be transferred from the property in the hands of the said insolvent at the time of the assignment herein, except book accounts, negotiable instruments, cash and choses in action to the property now in the hands of the assignee, except book accounts, negotiable instruments, cash and choses in action subject to the expenses of administration and labor claims, and that the bid of said Columbia Hardwood Lumber Company be accepted of the sum of seven hundred dollars for all of said property upon which said lien is now vested." The assignee thereupon executed a bill of sale and the property was turned over to appellant without objection.

More than three months thereafter appellees filed their petition, praying that appellant be compelled to pay their claims for labor, and upon a hearing the County Court directed appellant to pay to the assignee, for the use and benefit of appellees, the amount of their claims.

Wilber, Eldridge & Alden, attorneys for appellant.

Geo. L. Douglass, attorney for appellees.

Mr. Presiding Justice Freeman delivered the opinion of the court.

This is an appeal from an order of the County Court directing appellant to pay certain labor claims against an insolvent estate.

The statute provides (Rev. Stat., Chap. 10 b, Sec. 6) that all such claims for wages of any laborer or servant shall "be preferred and first paid to the exclusion of all other demands and claims." It is further provided (Chap. 38 a), when by the action of creditors the business of any person, firm or corporation shall be suspended or put in the hands of a trustee, all debts for labor shall be treated as preferred claims, and "shall be first paid in full, and if there be not sufficient to pay them in full, the same shall be paid from the proceeds of the sale of the property seized." The sec-

ond section of this last mentioned act requires the claim to be presented within ten days after seizure on execution to "the officer, person or court charged with such property," or within thirty days after the same has been placed in the hands of any trustee, and it is then made the duty of the "person or court receiving such statement to pay the amount of such claim or claims to the person or persons entitled thereto."

It is contended by appellant that by the statutes, while the claim of the laborer is preferred, it is, nevertheless, not a lien. However that may be, the statute directs that such claims "shall be paid from the proceeds of the sale of the property seized," only where there is not sufficient to pay them in full otherwise. Where there is enough to pay such claims in full, there is no necessity of resorting to the proceeds of the sale of property seized on execution. It appears from this record that the assignee had, and for aught that appears, still has enough in his hands to pay these laborers' claims, without resorting to the property levied upon, and that the latter was ample to pay appellant's lien, and leave sufficient to more than pay appellees' claim. The property or its proceeds, which the assignee ought to have, must be deemed to be still in his hands. If the property was sold, the effect was to leave in the hands of the assignee a specific fund of money, from which payment could be made. Hoover v. Burdette, 153 Ill. 672, 680.

Until rightfully disposed of or accounted for, this property in the assignee's hands is applicable to payment of claims against the estate, and appellees can make application to have their claims paid out of it, and such application should be first made, or some reason appear for not making it, before proceeding, as they have done in this case.

The property seized under appellant's execution was turned over to the assignee three days after its seizure by the sheriff. By this procedure appellant was not deprived of any legal right, the transfer being subject to the lien and rights acquired by levy of the execution. Plume & Atwood Mfg. Co. v. Caldwell, 136 Ill. 163.

Columbia Hardwood Lumber Co. v. Brandenberger.

The County Court recognized the validity of the lien and directed payment of the judgment by the assignee. It became the duty of the assignee to comply with this order. If he sold and disposed of the property and used the funds unlawfully, he may be held to account. But the assignee is not here and his conduct is not now under review.

It is urged that appellee's claims were not presented in the time required by the statute to entitle them to preference as against appellant's execution.

The claims of appellees for labor were filed on the fourteenth day of February, within thirty days from the date of the assignment, but not within ten days from the seizure by execution. The right to preference is purely statutory, and strict compliance with the statute is necessary to its enforcement. If the property had remained in the sheriff's hands ten days after its seizure on execution there could be no question, under the statute, of the necessity of presenting appellees' claim " to the officer, person or court charged with such property within ten days after the seizure thereof by execution," in order to preserve such right of preference. The fact that the property was turned over to the assignee, and that the latter and the County Court became the " officer, person or court " charged therewith under an agreement and order which preserved the lien " to all intents and purposes as if the property remained in the hands of the sheriff," did not relieve appellees of the necessity of presenting their claim within ten days, as required by statute, in order to entitle them to preference over appellant's execution out of the proceeds of the sale of the property levied upon. It would scarcely be contended, where an execution had been levied and more than ten days elapsed after the seizure thereunder by the sheriff before the assignment, that the subsequent turning over of the property levied upon to an assignee has the effect to revive the right, already expired, to present these claims, and give thirty days additional time in which to do so, and obtain the preference as against the execution lien. We understand the statute to mean that the claim must be presented

within ten days after seizure on execution, whether an assignment follows or not.

The claims having been filed with the assignee within thirty days after the assignment, the right of preference was thereby preserved against property coming into the assignee's hands free from, or in excess of the execution lien, but not against that subject to appellant's prior claim.

The order of February 4, 1897, is not only ambiguous but inaccurate. The transfer of appellant's lien from "property in the hands of the said insolvent at the time of the assignment" is apparently meaningless. Appellant's lien at that time was upon property in the sheriff's hands—not the insolvent's. Appellant's bid was accepted according to its terms, to apply on the judgment. Such was the fair purport and meaning of the transaction, and the order of February 4th must be construed accordingly. Appellant has received but a part of its judgment, and is entitled to retain it as against appellees' claims.

The decision in First National Bank v. Doane, 140 Ill. 193, which is relied upon to sustain the action of the County Court in charging appellant with payment of these claims out of the property it purchased to apply on its execution, is not, we think, applicable to the facts before us. There, Doane had received all the assets of the insolvent in payment of claims held by him, under an order of distribution which was a nullity, because made before the expiration of the three months allowed by statute, and to the exclusion of other creditors whose claims are filed within the statutory time, and who were equally entitled to a *pro rata* share of the estate. He was compelled to pay back to the assignee what he had wrongfully received. In the case before us appellant received but a small portion of the assets held by the assignee subject to its execution, and out of which it was entitled to have its execution lien satisfied, and received it rightfully.

It is often for the benefit of creditors of an insolvent estate, that property seized under execution before assignment should be turned over to an assignee for disposition,

Columbia Hardwood Lumber Co. v. Brandenberger.

subject to the execution lien, instead of being sacrificed, it may be, at a sheriff's sale.   If the judgment creditor, by such action, is not only to lose the larger part of his debt, but is to be compelled to pay cash to the full extent of a bid inadvertently made for a remnant of assets, that he is perhaps induced to bid more for to apply on his judgment than he would have paid, or the assignee could have secured in cash, creditors having liens will hesitate to expose themselves to such liability.

The appellant's bid was expressly conditioned on its being applied on the execution.   It was accepted upon that condition, notwithstanding the ambiguous form of the order of February 4th.   It is inequitable, after appellant was led—perhaps misled—into making such bid, to compel its application otherwise, and it should not be done unless the law so requires.

The order of the County Court, requiring appellant to pay the assignee the amount of said claims, is reversed and the cause remanded.

MR. JUSTICE SHEPARD.

The appellant's lien was, by virtue of the statute, subordinate to the preferred claims of appellees for labor, and the burden was upon appellant to show, which was not done, that there was other property of value in the hands of the assignee sufficient to satisfy such claims.   Under the doctrine of Union National Bank v. Doane, 140 Ill. 193, appellant having acquired all the property of value of the insolvent left in the hands of the assignee (so far as appears), must respond, as required by the order of the County Court, to the extent of its bid for the property.

I do not think that because the assignee may have wasted the estate, this furnishes any ground for relieving the property acquired by appellant from the preferred claims.