## Frank Mears, Receiver, et al., v. Fannie B. Hayden.

1. RECEIVERS—*Priority of Liens—Fees and Expenses.*—A prior lien upon property in the hands of a receiver and sold by order of the court and by like order transferred to the proceeds of the sale, can not be divested against the consent of the party holding such lien, for the benefit of other creditors or to meet the fees and expenses of the receiver incurred in continuing the business by authority of the court.

**Bill for the Dissolution of a Partnership, etc.**—Appeal from the Superior Court of Cook County; the HON. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed October 10, 1900.

**Statement.**—Wm. A. Sansom filed a bill of complaint against Frank A. Mears et al. for a partnership dissolution and accounting. In that proceeding said Mears was appointed receiver. This appeal is by the receiver only, and not by said Mears in his individual capacity, or by any other party to the suit.

Before said receiver was appointed, appellee levied a distress for rent upon certain personal property and placed a custodian in charge of such property. After appellant was appointed receiver it was ordered by the court below that said custodian turn over to appellant, as receiver, possession of said property upon the condition provided in said order, that all rights and priority of lien of appellee in respect to the goods and chattels seized under the distress warrant and for the necessary expenses incurred by her in the distress proceedings, should be preserved, and remain to the same extent and with like effect as though that order had not been entered. The order further provided that appellant should not remove any of the goods and chattels from said building without permission of the court and notice to appellee or her solicitor, and that the distress proceedings of appellee on the law side of the court should be stayed until the further order of the court.

Afterward said property was sold by appellant for $1,130. Appellee's distress for rent was for the sum of $700. That sale was confirmed by order of court, such order providing that the purchaser should take such property free from the lien and claim of appellee and that her rights under the distress for rent levy be transferred and attached to the proceeds of such sale and preserved thereon the same as to the property sold.

Afterward, upon a hearing as to the claim and lien of appellee, all the parties and the receiver being present by their solicitors, the court below found that appellee had "duly instituted her suit in distress for rent;" that the court had taken cognizance of the subject-matter thereof and stayed said suit, and that there was due to appellee under said distress for rent said sum of $700.

Appellant, as receiver, employed as solicitors the same persons who represented him in his individual capacity in this case. Appellant filed his report as receiver, from which it appeared that if he paid to his said solicitors the amount claimed by them as fees due from him as receiver, and paid the amount claimed to be due to himself for fees as receiver, together with some items of expense, there would not be funds in the hands of said receiver sufficient to pay the amount theretofore adjudged to be due to appellee upon said distress for rent. Objections to said report were filed and the issue thus presented was referred to a master to take testimony and report the same with his conclusions.

The master reported that the order above mentioned directing that appellee have a lien upon the fund which was the proceeds of said sale, became binding upon the parties to this proceeding, and that the claim of appellee for $700 and costs was a first lien upon said fund, except as to the expenses, including receiver's and solicitors' fees, incurred or paid in and about the making of said sale, and in perfecting the title in the purchaser, and that inasmuch as there was in the hands of said receiver a sufficient sum, part of the proceeds of said sale, to pay said appellee in full, after paying all such expenses, the receiver should be required to pay to appellee said sum so due to her, and costs of suit.

To such report of the master, objections and exceptions were duly filed. Upon a final hearing of all such exceptions the court below ordered and decreed that the receiver pay to appellee in full the amount found due to her, being said sum of $700, with interest thereon and costs of suit. If such payment be made, there is not remaining in the hands of the receiver funds sufficient to pay the amount claimed to be due to him and to his said solicitors for fees.

STIRLEN & DICKSON, attorneys for appellants.

C. P. ABBEY, attorney for appellee.

MR. JUSTICE HORTON delivered the opinion of the court. From the foregoing statement it is apparent that the

real issue upon this appeal is between the receiver, as such, and the appellee. It seems to us that counsel for appellee puts the question fairly when he says in his printed brief:

" The only question arising on this appeal is whether appellant, having come into possession of a fund affected by a prior lien in favor of appellee, can lawfully use that fund to pay the expenses of running a hotel, as receiver, and his own fee as receiver, and the fees of his attorneys, when such a use of the fund will exhaust the fund and thereby put the loss on appellee; in a word, whether a lien existing at the time the receiver gets the property subject thereto, can be displaced in favor of receivership expenses of carrying on business, and the general expenses of the receivership."

It was adjudged by the court below that when the receiver came into possession of the property sold by him, appellee had a valid lien thereon. It was also thus adjudged that such lien should attach to the proceeds of sale. The parties claiming an interest in said property and the proceeds thereof are not before this court to question such adjudications, and it is not within the duties or province of the receiver to do so.

The case of Link Belt Machinery Co. v. Hughes, 174 Ill. 155, 162–3, must be regarded as conclusive as against the appellant in the case at bar. That was a proceeding in chancery, and it was there held that a prior lien upon property sold by order of court and by like order transferred to the proceeds of such sale can not be divested against the consent of the party holding such lien for the benefit of other creditors or to meet the fees and expenses of a receiver incurred in continuing a business by authority of court. In the case at bar the receiver had been continuing the business of the firm for which he was appointed receiver, and the expenses and fees claimed by him and his solicitors were for and in connection therewith. All costs, expenses and fees in connection with the sale of said property and placing the title thereto in the purchaser were allowed to said receiver. The proceeds of such sale in the hands of said receiver were sufficient to pay all the costs, expenses and fees thus allowed to him and to pay the

amount of the lien of appellee in full.   The court did not err in directing the payment of the amount due upon appellee's said lien and the costs of suit.

The case of Hooven, etc., Co., v. Burdette, 153 Ill. 672, relates to proceedings in the County Court between lien claimants and an assignee for the benefit of creditors. The same rule is there applied.   Although the County Court is not a court of general chancery jurisdiction, the Supreme Court in the Hughes (Chy.) case cite the Hooven case as supporting its conclusions.   See, also, citations in the cases above noted.   The decree of the Superior Court is affirmed.