**W. E. Terry Lumber Company et al., Appellants, v. The Mildred Park Amusement Company et al., Appellees.**

1. APPEALS AND ERRORS—*what order not final.* A decree allowing compensation to a receiver for himself and his solicitor, which requires the taking of evidence to establish, is interlocutory only.

2. RECEIVERSHIPS—*upon what commissions may be allowed.* A receiver who sells property covered by specific liens, which liens are prior in right to the claims of general creditors, is entitled to his commission on such sale, inasmuch as such sale would have had to have been made by some other officer of court who would have been entitled to his commissions.

Mechanic's lien. Appeal from the Circuit Court of Sangamon county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the November term, 1907. Reversed and remanded, with directions. Opinion filed April 21, 1908.

WILLIAM A. NORTHCOTT, ALONZO HOFF, WALTER A. ORR and BARBER & BARBER, for appellants.

SHUTT, GRAHAM & GRAHAM, for appellees.

MR. JUSTICE RAMSAY delivered the opinion of the court.

On October 1, 1906, the W. E. Terry Lumber Com-

pany filed its petition against the Mildred Park Amusement Company, Niels R. Johnson and George Reisch, alleging that pursuant to the terms of an oral contract with said Park Amusement Company it had furnished lumber and building material for the construction of certain buildings on premises known as Mildred Park, near the city of Springfield, Illinois, and that there was then due and unpaid therefor the sum of $721.48.

It was further alleged in said bill that said Johnson owned the fee simple estate in the real estate involved, subject to a lease to the Mildred Park Amusement Company, and that George Reisch had an interest therein, the exact nature of which was unknown to the petitioner. There was the usual prayer for decree establishing and enforcing the lien.

On November 7, 1906, Frank B. Iles and two others as partners under the firm name of Iles Bros. filed their bill in said Circuit Court asking for the appointment of a receiver for said Park Amusement Company, alleging that the company had numerous creditors, that it was insolvent and that the property and improvements of the company would suffer from want of care unless a receiver be appointed. On the same date the court appointed William E. Fain receiver of said Park Amusement Company, with the usual powers of a receiver, who duly qualified as such.

On December 3, 1906, H. L. Greer, by leave of court, filed a petition to intervene as a lien holder, alleging that pursuant to a written contract with said Park Amusement Company he had constructed an improvement called "Figure Eight," with cars, etc., upon said park premises, and that there was then due him on that account the sum of $6,500 and that he had duly filed his claim for mechanic's lien in the office of the circuit clerk of said county on the 16th day of October, 1906. In this petition Greer prayed for the establishment and enforcement of his lien, etc. On the same day the court ordered said three matters as presented

by the petition to be consolidated and directed publication of notice to the creditors of the company.

On December 7, 1906, by leave of court, the R. Haas Electrical Manufacturing Company filed a petition to intervene, as a lien creditor, claiming that by virtue of an oral contract with the Park Amusement Company to furnish and supply certain electrical apparatus, etc., said Park Amusement Company owed such petitioner the sum of $98.22, which was then due and unpaid, praying for the establishment of its lien, etc. On the same day the causes thus presented and consolidated were referred to the master in chancery to take the evidence and report the same to the court with his conclusions.

On August 8, 1907, the master in chancery filed a preliminary report in which he found that the claims for labor, claims for mechanic's liens and claims of general creditors of the said Park Amusement Company amounted to more than $25,500, and that the value of the assets of said company was entirely inadequate to pay the same; that said assets were unproductive and a constant expense and recommended sale of the company's effects at an early date, as being to the best interest of all parties concerned.

On the same day the court entered a decree approving such report of the master in chancery, finding that the court had jurisdiction of the subject-matter and all of the parties to the consolidated cause and that it was not advisable to delay a sale of the property until the relative rights of all the parties could be passed upon by the court, and ordered and decreed that all of the property of said Park Amusement Company be forthwith sold by said receiver for cash, free of all liens, and that the receiver bring the money into court to be distributed under the order of the court. Pursuant to the terms of the decree of August 8, 1907, the master in chancery advertised all of the property of the Park Amusement Company for sale on August 31, 1907.

On August 31, 1907, there was a decree rendered by

the court in which the rights and interests of the parties were established and in which the court found that said Lumber Company and such intervening petitioners, H. L. Greer and the R. Haas Electrical and Manufacturing Company, had specific mechanic's liens upon the improvements in said park as claimed in their separate bills, and also finding in detail the amounts due the other creditors of the company, naming them. In such decree the court ordered that from the proceeds of the sale of the property of said Park Amusement Company there be paid, first, "the costs of the consolidated cause, including the reasonable solicitor's fees of the said receiver, H. L. Greer, the Terry Lumber Company and R. Haas Electrical and Manufacturing Company, respectively;" second, that the sum of $350 be paid to said Reisch; third, that certain labor claims (naming them) be paid; fourth, that the proceeds of the sale of the leasehold estate of said Park Amusement Company and the improvements in the making of which the lienors' material had been used, be kept separate by the receiver, so far as not necessary to pay the claims in said decree directed paid in the former clauses, be applied to the payments of the claim of said Lumber Company, $721.48, to R. Haas Electrical Company $98.22 and to H. L. Greer, $6,500; and fifth, that the residue be distributed *pro rata* among the general creditors.

Sale of all the property and effects of the Park Amusement Company was made by said receiver on August 31, 1907, when Greer bought said "Figure Eight," upon which the court had found and decreed that he had a specific lien, at the sum of $6,500, and the said Lumber Company bought the office building and other property on which it had been found it had a specific lien, at the sum of $670. The total proceeds of all other property sold amounted to a little over $1,100. Said sale was duly reported by the receiver and approved by the court.

206 APPELLATE COURTS OF ILLINOIS.

Terry Lumber Co. v. Mildred Park Amusement Co., 143 App. 202.

On September 4, 1907, on motion of the receiver the cause was referred to the master in chancery to take evidence upon the amount of the receiver's compensation and solicitor's fees and report, in pursuance to which order the master reported that $197.50 was a reasonable and usual fee for the solicitor of H. L. Greer; that $46 was a reasonable fee for the solicitor of the Lumber Company and $15 a reasonable fee for the solicitor of the Haas Electrical Company.

On September 11, 1907, evidence was heard upon which the court rendered a decree fixing the amount of the compensation which the receiver should have at $497.50 and that of his solicitors at $500. To this order the Lumber Company and Greer excepted and this appeal followed.

Appellants claim that the decree of August 31, 1907, was final only so far as it established the rights of the various parties and was merely interlocutory as to the compensation which the receiver should have and as to the fees of his solicitors and therefore the whole matter pertaining to such allowance was still open for a hearing and determination thereof when the order of September 11, 1907, was made, and also claim that the allowance made by the court in its decree of September 11, 1907, was improperly made and excessive.

We hold that the decree of August 31, 1907, so far as it related to an allowance in favor of the receiver, as compensation for himself or for his solicitors' fees, which required the taking of evidence to establish, was an interlocutory order only.

In Jones v. Young, 228 Ill. 374, in a proceeding in partition, the court entered a decree directing partition and appointing three commissioners to divide the property. The decree further provided that the costs of the proceeding, including a reasonable solicitor's fee, be apportioned among the parties according to their several interests, the same to be ascertained upon evidence to be taken upon a reference to the master in chancery when the report of the commissioners should

have been filed and confirmed. The court there held that the decree was merely interlocutory as to the costs and that an appeal was allowable from the order fixing the amounts, and the fees and costs allowed by the trial court were held to be improper charges and the decree allowing them was reversed.

The order in the case before us had reference to allowances which could be enforced only after the court had heard evidence as to their value, or referred the matter to the master in chancery for that purpose, and entered a further or additional decree fixing the amount to be allowed. Where further judicial action is contemplated and is necessary, a decree is interlocutory and not final. Gray v. Ames, 220 Ill. 254.

Before the receiver was appointed in the consolidated cases each of the appellants had taken proper steps to preserve and establish his lien upon the property which was decreed to be specifically liable thereto, and which he afterward bought at the sale in extinguishment of that lien. To the extent of the liens so existing in favor of appellants when the receiver was appointed no action could be had or taken by the receiver in the interest of other or general creditors which could impair or depreciate such specific liens. Link Belt Manufacturing Co. v. Hughes, 174 Ill. 155; Mears v. Hayden, 91 Ill. App. 343.

This holding would not prevent or forbid an allowance to the receiver of a compensation, in the nature of a commission, for his services in selling the property covered by such specific liens, the same as would have been allowed to a master in chancery for a like service in case sale had been made by him upon decree in favor of appellants upon their liens. So far as the receiver did, in the foreclosure of the specific liens, what would have been done necessarily by some officer of court to perfect the same sale, to appellants, he should be allowed to retain and have compensation therefor, together with an allowance of such court

costs as are incidental to the sale of the property covered by such specific liens.

. The decree of the trial court is reversed and the cause remanded for such further proceedings herein as will be in accord with the holdings announced in this opinion.

*Reversed and remanded with directions.*